Filed 9/21/20  P. v. Walker CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH ANTHONY WALKER,<br><br>Defendant and Appellant. | B300990<br><br>(Los Angeles County<br>Super. Ct. No. BA301788) |

APPEAL from an order of the Superior Court of Los Angeles County, Craig E. Veals, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

**INTRODUCTION**

In February 2007, as part of a plea bargain, appellant Joseph Anthony Walker pled no contest to assault with a firearm, in violation of Penal Code section 245, subdivision (a)(2).[1] The court dismissed counts for attempted murder and being a felon in possession of a firearm, and sentenced him to 18 years: four years for violating section 245, doubled to eight years for a previous strike, with an additional 10 years as an enhancement under section 12022.5, subdivision (a), for personally using a firearm during the commission of a felony.

In July 2019, appellant moved to modify his sentence to strike the 10-year enhancement under section 12022.5 for various reasons, including that the imposition of the enhancement violated section 654.[2] The trial court denied the motion. Appellant timely filed a "Notice of Appeal" stating, in part, that he was "appeal[]ing the court['s] recent denial of relief to modify the current conviction or sentence under the [C]alifornia Penal [C]ode section 654 statutory provision" because the court's denial "failed [to] support a

---

[1] "Any person who commits an assault upon the person of another with a firearm shall be punished by imprisonment in the state prison for two, three, or four years . . . ." (Pen. Code, § 245, subd. (a)(2).) All further statutory references are to the Penal Code.

[2] "Section 654 prohibits multiple punishment for a single physical act that violates different provisions of law." (*People v. Jones* (2012) 54 Cal.4th 350, 358.)

record of conviction [though it] was given notice to the prohibited sentence . . . [that] the offender conduct is found in the offense and the offender conduct [*sic*]." We interpret this language as expressing appellant's intent to appeal only from the court's implied finding that the sentence enhancement did not violate section 654.

Appellant's appointed counsel filed an opening brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), identifying no arguable issues and requesting this court to conduct an independent review of the record. On April 21, 2020, we notified appellant he had 30 days to submit in writing any issues or contentions he wished us to consider. We received no response.

Our Supreme Court has held that when deciding whether imposition of a sentence enhancement constitutes multiple punishments for a single act, a court should first consult the statute providing for the enhancement. (*People v. Ahmed* (2011) 53 Cal.4th 156, 159 [deciding whether trial court properly imposed two different sentence enhancements].) "Only if the specific statutes do not provide the answer should the court turn to section 654." (*Id.* at 163.) If an answer is found in the statute, "recourse to section 654 will be unnecessary because a specific statute prevails over a more general one relating to the same subject." (*Ibid.*)

Section 12022.5, subdivision (a), reads, in pertinent part: "any person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in

the state prison for 3, 4, or 10 years, *unless use of a firearm is an element of that offense.*"  (§ 12022.5, subd. (a), italics added.)  However, section 12022.5, subdivision (d), reads, in pertinent part: "Notwithstanding the limitation in subdivision (a) relating to being an element of the offense, *the additional term provided by this section shall be imposed for any violation of Section 245 if a firearm is used . . . .*"  (§ 12022.5, subd. (d), italics added.)  Because the language of the enhancement statute specifically provides that the firearm enhancement may be imposed, recourse to section 654 is unnecessary, and the trial court did not err in impliedly finding the sentence did not violate section 654.[3]

---

[3]     In his underlying motion, appellant argued that our Supreme Court in *People v. Le* (2015) 61 Cal.4th 416 (*Le*) precluded a court from imposing a sentence enhancement for use of a firearm under section 12022.5, subdivision (a), when the underlying offense was for violating section 245, subdivision (a)(2).  He is mistaken.  In *Le*, the defendant was found guilty of violating section 245, subdivision (b) (assault with a semiautomatic firearm).  (*Le, supra*, at 420.)  The question before the Supreme Court was whether the trial court was precluded "from imposing both a firearm enhancement under section 12022.5, former subdivision (a)(1), and a gang enhancement under section 186.22, subdivision (b)(1)(B), in connection with a single offense . . . ."  (*Id.* at 419.)  After finding that section 12022.5 provided for a 10-year enhancement, and section 186.22, subdivision (b)(1)(B) provided for a five-year enhancement, our Supreme Court held that only the longer of the two enhancements (i.e., that provided by section 12022.5) could be imposed.  (*Le, supra*, at 421, 423, 429.)  In other words, the court held it permissible to add a section 12022.5 enhancement to a

(*Fn. is continued on the next page.*)

Appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the order denying his motion. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-279.)

---

sentence for a crime in which the use of a firearm was an element. (See also *People v. Rodriguez* (2009) 47 Cal.4th 501, 505 ["because defendant's crimes of assault with a firearm (§ 245, subd. (a)(2)) necessarily involved firearm use, at first glance, that would exempt him from the additional punishment. But because his firearm use pertained to 'violation[s] of Section 245,' defendant falls within the exception to the exemption and thus *is* subject to additional punishment under section 12022.5, subdivision (a), for personally using a firearm in the three assaults"].)

## DISPOSITION

The order denying appellant's motion is affirmed.
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**


MANELLA, P. J.


We concur:



WILLHITE, J.



CURREY, J.