Filed 11/6/20  P. v. Garcia CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E072755 |
| v. | (Super.Ct.No. RIF099598) |
| ARMANDO BARAJAS GARCIA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Godofredo Magno, Judge.  Reversed with directions.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

1

On September 16, 2005, the trial court sentenced defendant and appellant, Armando Barajas Garcia, to an aggregate term of imprisonment of 40 years to life plus 24 years based upon his convictions for attempted murder and other offenses. On August 20, 2018, the trial court received a letter from the California Department of Corrections and Rehabilitation (CDCR) recommending the court recall defendant's sentence and resentence him in light of the court's apparent error in imposing sentence on both of two enhancements attached to count 4, defendant's use of a firearm. On March 4, 2019, the court resentenced defendant to an indeterminate term of 40 years to life plus a determinate term of 29 years.[1]

On appeal, defendant raises five issues: (1) the resentencing court erred in imposing a longer determinate prison term than was originally imposed; (2) the resentencing court erred in imposing sentence on an enhancement on a stayed count; (3) the resentencing court erred in failing to strike one of the enhancements on the count 4 offense; (4) Penal Code[2] section 654 barred imposition of the sentence on the

---

[1] The trial court's oral pronouncement on resentencing is not entirely clear. Instead of going through each count and enhancement, the court merely imposed a previously stayed, five-year consecutive sentence for the Penal Code section 186.22, subdivision (b)(1)(B) enhancement attached to count 5. It appears the court intended to correct the sentence on the count 4 enhancements, but never actually ordered the correction. Thus, it appears the clerk was left with "correcting" the sentence by memorializing only that change which the court verbalized.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

2

gang enhancement attached to count 4;[3] and (5) the resentencing court erred in failing to exercise its independent discretion on resentencing. The People concede the first three issues. However, the People contend nothing bars imposition of a sentence on the section 186.22, subdivision (b) enhancement attached to count 4, and the court did not abdicate its discretion in resentencing defendant by following the original sentencing court's intent. We reverse and remand for resentencing.

## I. FACTUAL AND PROCEDURAL BACKGROUND[4]

On the night of October 1, 2001, Garcia and the other defendants drove twice by a family barbecue at the Borjorquez residence. (*People v. Garcia*, *supra*, E039098.) Around midnight, three of the occupants confronted Jose Borjorquez and his father, Reyes. One of the defendants demanded, "what's up," and fired a handgun, hitting Jose in the chest. Defendant fired several shots with a sawed-off shotgun. The defendants then fled. (*Ibid*.)

Defendant was arrested that night after an officer spotted a vehicle traveling without its headlights on. After attempting to pull the vehicle over, the driver led the officer on a brief pursuit. Officers retrieved a shotgun and a .38-caliber handgun, which

---

[3] Defendant additionally argues that the trial court erred in imposing the gang enhancement on count 5 pursuant to section 654; however, because we remand the matter, in part, on the basis that imposition of sentence on the enhancement on count 5 was improper because the count 5 offense itself had already been stayed, the issue is moot.

[4] We take judicial notice of our nonpublished opinion in *People v. Garcia* (Dec. 28, 2006, E039098), from defendant's appeal from the judgment. (Evid. Code, §§ 452, subd. (d), 459.)

were discarded from the passenger window of the vehicle during the pursuit. Expended shell casings recovered from the shooting scene matched the discarded shotgun and handgun. (*People v. Garcia*, *supra*, E039098.)

Defendant told the police he associated with Casa Blanca gang members, and his gang "moniker" was "Lil Surf." Defendant also told a police detective that, earlier on the day of the shooting, he had been "mad-dogged" or stared at overlong by gangsters; he believed those gangsters were attending the Borjorquez barbecue. Thereafter, he and the other defendants went together to the Borjorquez residence. Defendant concealed himself in the bushes while the others approached Jose, who exclaimed his gang name; shots were then fired. One of the other defendants gave defendant a loaded shotgun; defendant fired several shots without intending to kill anyone. Defendant fired in self-defense because he thought the Borjorquezes were shooting at he and the others. (*People v. Garcia*, *supra*, E039098.)

Defendant had previously been arrested on July 24, 2001, and pled guilty to carrying a loaded firearm in public. He admitted he was called "Lil Surf," and he was carrying the gun for protection because he associated with Casa Blanca gang members. (*People v. Garcia*, *supra*, E039098.)

On May 23, 2005, a jury convicted defendant of three offenses: attempted willful, deliberate, premeditated murder (§§ 664, 187, subd. (a), count 1) with a true finding that a principal personally and intentionally discharged a firearm proximately causing great bodily injury (§ 12022.53, subds. (c), (d), (e)(1)); assault with a firearm (§ 245, subd. (a)(2), count 4), with a true finding that defendant personally used a firearm

4

(§ 12022.5, subd. (a)); and possession of a short-barreled shotgun (former § 12020, subd. (a)(1), count 5). The jury also found true the criminal street gang enhancements attached to all three counts. (§ 186.22, subd. (b).) (*People v. Garcia*, *supra*, E039098.)

On September 16, 2005, the trial court sentenced defendant to an aggregate term of imprisonment of 40 years to life plus 24 years consisting of the following: 15 years to life on the count 1 offense of attempted murder; a consecutive 25 years to life on the section 12022.53, subdivision (d) enhancement attached to count 1; a consecutive term of four years on the count 4 offense; a consecutive 10 years on the section 186.22, subdivision (b) enhancement attached to the count 4 offense; and a consecutive 10 years on the section 12022.5, subdivision (a) enhancement attached to count 4. The court imposed a consecutive one-third the midterm on the count 5 offense, but stayed punishment pursuant to section 654. The court also stayed imposition of punishment on the section 12022.53, subdivision (c) enhancements attached to count 1.

Defendant appealed, contending, among other issues, that the 10-year enhancement for the gang allegation in count 4, assault with a firearm, should be reduced to five years because the jury did not make a specific finding that assault with a firearm, with a true finding on a personal gun use allegation, constitutes a "violent felony," rather than a serious felony, within the meaning of section 186.22, subdivision (b)(1)(C). This court held that no such finding was required, however, because defendant's conviction on count 4 was a violent felony as a matter of law. Defendant also argued that section 654 prohibited the imposition of multiple gang enhancements under section 186.22 for the attempted murder against Jose and the assault with a deadly weapon against Reyes. This

5

court held that since defendant had committed separate crimes against separate victims, the crimes were also properly punished by separate gang enhancements.

On August 27, 2018, the trial court received correspondence from CDCR personnel observing that in *People v. Rodriguez* (2009) 47 Cal.4th 501 (*Rodriguez*), the court held that the imposition of a sentence on enhancements under both sections 12022.5, subdivision (a), and 186.22, subdivision (b)(1)(C), are improper where both enhancements are based upon a defendant's use of a firearm. According to personnel at the CDCR, the *Rodriguez* court held that the trial court should have imposed sentence on only the greater of the two enhancements. Thus, CDCR personnel recommended the trial court recall and resentence defendant in light of *Rodriguez*. The trial court thereafter set the matter for a hearing.

On September 11, 2018, the People filed a response to the letter, in which they agreed the trial court should recall and resentence defendant in light of *Rodriguez*. The People argued that the court should impose a sentence solely on the section 186.22, subdivision (b) enhancement attached to count 4; they contended the upper term of four years on the enhancement was proper and would result in a six-year reduction in defendant's prison sentence.

After several continuances, the People filed another response on January 31, 2019, in which they again noted that the trial court should impose a sentence only on the section 186.22, subdivision (b) enhancement attached to count 4, but that the actual term of imprisonment on the enhancement should be five years, not four. The People

6

additionally requested that the court also impose a sentence on the section 186.22, subdivision (b) enhancement attached to count 5.

At the resentencing hearing on March 4, 2019, the trial court noted that the original sentencing judge should have been assigned to the matter; however, since that judge had retired, he was unavailable; thus, the matter had properly been assigned to him. The court further noted the "new sentencing judge, me, does not [have] . . . any broader discretion to impose a sentence than the Court originally possessed at the original sentence. So any new sentence imposed cannot be greater than the initial sentence. That's [section] 1170 [subdivision] (e)(1)."

The resentencing court observed that *Rodriguez* prohibited precisely what the original sentencing court did in this case: impose sentence on both the section 12022.5, subdivision (a) enhancement and the section 186.22, subdivision (b) enhancement attached to the count 4 offense of assault with a firearm (§ 245, subd. (a)(2)). Thus, the "remand will give the trial court the opportunity to restructure its sentencing choices in light of [*Rodriguez*'s] conclusion that the sentencing supposedly violates section 1170.1, subdivision (f)."

The trial court noted that the People had requested the court impose a five-year sentence pursuant to section 186.22, subdivision (b)(1)(B), on the enhancement attached to the count 4 offense, which would reduce defendant's sentence by five years. The court opined that "my role as the new sentencing judge is to essentially follow the intent of the original sentencing judge; and in looking at the abstract, and looking at the sentence that he imposed, it appeared that he was—for lack of a better term—maxing [defendant] out,

7

whatever maximum exposure that he had, that's what the Judge intended. And so as the new sentencing judge, I intend to—I will follow what I believe is the apparent intent of the original sentencing judge, which is to sentence [defendant] to the maximum allowable possible."

"[G]iven my reasoning about the following through with what the original sentencing Court wants to do, . . . I can and I should impose [sentence pursuant to section] 186.22[, subdivision] (b)(1)(B). Because, again, the jury did not make a finding as to the . . . serious or violent felony for the benefit of the gang; but they just made a finding that it is for the benefit of the gang, and then it appears that the Court chose to impose [pursuant to subdivision] (1)(C). But for *Rodriguez*, that would have been okay, but because of *Rodriguez*, it's not. And so I will go with the next sentencing availability, which is [section] 186.22[, subdivision] (b)(1)(B), which is a five-year enhancement; and that's my intent, and that's my inclination; but I will hear from either one of you."

Defense counsel submitted. The People submitted on their responses. The court then ordered as follows: "[S]o that will be the new sentence of the Court under Count 5. It will be an additional consecutive sentence of five years pursuant to [section] 186.22, subdivision (b), subsection (1), subsection (B), as well."

## II. DISCUSSION

### A. *Imposition of a Longer Sentence*

Defendant contends that the trial court erred in imposing a longer sentence than that originally imposed when resentencing him. We agree.

8

"Section 1170, subdivision (d), provides that when a sentence is recalled the court may resentence the defendant as if he or she had not previously been sentenced, with the limitation that the new sentence may not exceed the initial sentence." (*People v. Torres* (2008) 163 Cal.App.4th 1420, 1428-1429.)

Here, the resentencing court effectively imposed a sentence that was five years longer than the original sentence.[5] Thus, we shall remand the matter with directions that the trial court resentence defendant to a term of imprisonment, which is not longer than that originally imposed.

B. *Imposition of Sentence on the Enhancement Attached to a Stayed Count*

Defendant also contends the trial court erred in imposing a consecutive five-year term for the gang enhancement attached to the count 5 offense upon which imposition of punishment had been stayed. We agree.

"[A]n enhancement must necessarily be stayed where the sentence on the count to which it is added is required to be stayed." (*People v. Guilford* (1984) 151 Cal.App.3d 406, 411; accord *People v. Calles* (2012) 209 Cal.App.4th 1200, 1221.)

Here, the trial court imposed a sentence on the section 186.22, subdivision (b) enhancement attached to count 5, a sentence that the previous court had stayed pursuant

---

[5] As noted *ante* (see fn. 1), it is clear the trial court intended to stay imposition of punishment on one of the enhancements attached to the count 4 offense. Indeed, the court expressly noted that *Rodriguez* prohibited punishment on both enhancements and that its intention was to impose sentence only on the section 186.22, subdivision (b) enhancement; however, because the court only pronounced an intention, rather than an order, to impose sentence on only that enhancement, the court's resentencing effectively and illegally extended defendant's term of imprisonment beyond that of the original sentence.

9

to section 654. The resentencing court did not reimpose sentence on count 5; thus, as memorialized in the abstract of judgment, there is now a five-year term on the enhancement attached to the stayed count 5. Thus, we shall remand the matter for resentencing with directions that the trial court stay imposition of punishment on the enhancement.

        C.      *Imposition of Sentence on Both Enhancements Attached to Count 4*

Defendant contends the trial court erred in leaving intact the original sentencing court's imposition of sentence on both enhancements attached to count 4. We agree.

Section 1170.1, subdivision (f), "prohibits the imposition of additional punishment under more than one enhancement provision for 'using . . . a firearm in the commission of a single offense.'" (*Rodriguez, supra*, 47 Cal.4th at p. 504.) Where two different sentence enhancement provisions were imposed for a defendant's firearm use in a crime, section 1170.1, subdivision (f), requires that "'only the greatest of those enhancements'" be imposed. (*Rodriguez*, at p. 509.) The proper remedy is "to reverse the trial court's judgment and remand the matter for resentencing." (*Ibid.*) In *People v. Le* (2015) 61 Cal.4th 416, the court extended the holding in *Rodriguez* to cases where the People had generically pleaded the gang enhancement rather than specifying the enhancement as a violent, serious, or other type of felony. (*Le*, at p. 425.)

Here, the People alleged and the jury found true both a generic section 186.22, subdivision (b) gang allegation and a section 12022.5, subdivision (a) personal use of a firearm allegation attached to the count 4 offense. The original sentencing court imposed both a 10-year sentence on the section 12022.5, subdivision (a) enhancement and an

10

additional 10 years on the section 186.22, subdivision (b) enhancement. Defendant's conviction under count 4 "qualifies as a serious felony solely because it involved a firearm." (*Le*, *supra*, 61 Cal.4th at p. 425.) Thus, the "section 186.22 gang enhancement for count 4, regardless of whether it qualified as a serious or violent felony . . . , is an enhancement 'imposed for being armed with or using . . . a firearm,'" because it may only be imposed on a count that already qualifies as a serious or violent felony, here, assault with a firearm. (*Ibid*.) Therefore, "[u]nder section 1170.1, subdivision (f), the underlying felony, based on section 245, subdivision ([a]), could not be enhanced for use of a firearm both under section 12022.5, subdivision (a), and section 186.22, subdivision (b)(1). Rather, section 1170.1 require[s] that only the greater of the two enhancements . . . could be imposed." (*Ibid*.) Since the resentencing court failed to stay the imposition of punishment on one of the enhancements attached to count 4, despite an apparent intention of doing so, the matter must be remanded for the trial court to impose "'only the greatest of those enhancements.'" (*Rodriguez*, *supra*, 47 Cal.4th at p. 509; see *Le*, at p. 429.)

D.      *Imposition of the Section 186.22, Subdivision (b) Enhancement Attached*

*to Count 4*

Defendant contends the trial court erred in imposing sentence on the

section 186.22, subdivision (b) enhancement on count 4 in violation of section 654.**6**  We

disagree.

Section 654 "prohibits multiple punishment for '[a]n act . . . that is punishable in

different ways by different provisions of law.'"  (*People v. Jones* (2012) 54 Cal.4th 350,

352.)  Section 654 applies differently to enhancements than to substantive crimes.

(*People v. Ahmed* (2011) 53 Cal.4th 156, 163.)  "Provisions describing substantive

crimes, such as . . . assault with a firearm . . . , generally define criminal acts.  But

enhancement provisions do not define criminal acts; rather, they increase the punishment

for those acts.  They focus on *aspects* of the criminal act that are not always present and

that warrant additional punishment."  (*Ibid*.)  As applied to multiple enhancements,

"section 654 bars multiple punishment for the same *aspect* of a criminal act."  (*Id*. at

p. 164.)  Where the trial court made no explicit ruling as to the application of section 654,

"we infer that the court made the finding appropriate to the sentence it imposed, [and] we

---

**6** Although not raised by the People, we note that defendant did not raise this issue in his first appeal from the judgment.  (See *People v. Garcia*, *supra*, E039098.) Ordinarily, a defendant forfeits an argument by not raising it in his first appeal.  (*People v. Senior* (1995) 33 Cal.App.4th 531, 535, 538 ["[W]here a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay."]; see *In re Harris* (1993) 5 Cal.4th 813, 829 ["Proper appellate procedure thus demands that, absent strong justification, issues that could be raised on appeal must initially be so presented . . . ."].) Nonetheless, we will consider the issue because forfeiture was not addressed in the briefs.

must affirm the sentence if an implied finding that section 654 does not apply is supported by substantial evidence." (*People v. Mejia* (2017) 9 Cal.App.5th 1036, 1045.)

First, as noted *ante*, the resentencing court did not actually impose sentence on the section 186.22, subdivision (b) enhancement attached to count 4; rather, despite its contrary intention, the court simply left the original sentencing court's sentence on the enhancement intact. Since we are already remanding the matter for resentencing on count 4 and its enhancements, it would appear premature to address this issue. (*People v. Miracle* (2018) 6 Cal.5th 318, 337 ["'We will not, of course, adjudicate hypothetical claims or render purely advisory opinions.'"]; *Vandermost v. Bowen* (2012) 53 Cal.4th 421, 452 ["'The ripeness requirement, a branch of the doctrine of justiciability, prevents courts from issuing purely advisory opinions.'"].)

Second, to the extent we can address it, we note, as defendant admits, that no court has held that section 654 would bar the imposition of a sentence on a section 186.22, subdivision (b) enhancement attached to the substantive offense of assault with a firearm. Here, substantial evidence would support an inference that section 654 would not bar punishment on the section 186.22, subdivision (b) enhancement because the trial court could determine that defendant should be punished for the separate *aspect*, benefiting his gang, of the *act* of firing the shotgun. Indeed, the aspect of benefiting a gang is not present when a defendant commits the act of assault with a firearm. Moreover, that aspect warrants additional punishment. Thus, section 654 does not bar the imposition of a sentence on the section 186.22, subdivision (b) enhancement attached to the count 4 offense.

13

E.      *The Trial Court's Discretion on Resentencing*

Defendant contends the trial court abdicated its duty to exercise its own discretion in resentencing defendant.  We agree.

"[O]n remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.'" (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)  "[T]he resentencing court has jurisdiction to modify *every* aspect of the sentence, and not just the portion subjected to the recall." (*Ibid.*)  The trial court has broad discretion in its sentencing decisions, and "its sentencing decision will be subject to review for abuse of discretion." (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)  "An erroneous understanding by the trial court of its discretionary power is not a true exercise of discretion.  [Citation.] 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.  [Citations.]'  [Citation.]  A court cannot exercise that 'informed discretion' where it is unaware of the scope of its discretionary powers." (*People v. Bruce G.* (2002) 97 Cal.App.4th 1233, 1247-1248.)

Here, the trial court correctly observed that under normal circumstances, the original sentencing judge should have been the one presiding over resentencing; however, because that judge was unavailable, an alternative judge was given the task of resentencing defendant.  The court correctly observed that the new sentence could not exceed that originally imposed.  However, the court repeatedly and erroneously expressed the view that it was limited to imposing a new sentence, which would comport with what the original sentencing court would have wanted:  "my role as the new

14

sentencing judge is to essentially follow the intent of the original sentencing judge"; "as the new sentencing judge . . . I will follow what I believe is the apparent intent of the original sentencing judge, which is to sentence [defendant] to the maximum allowable possible"; "in restructuring the new sentence, I will follow the original Court's intent"; and "given my reasoning about the following through with what the original sentencing Court wants to do, . . . I can and I should impose" sentence on the enhancement attached to count 5. Thus, the trial court appears to have believed that it was limited to imposing the maximum possible sentence because that is what the original sentencing judge did.

We disagree with the People's characterization of the resentencing judge's statements as expressing that it was merely "considering the intent of the judge who presided over the trial." Rather, the judge appears to have believed he was bound by the original sentencing judge's intent. However, the resentencing judge sat in the same position as the original sentencing judge, and he could have imposed whatever legal sentence was supported by the record. Thus, on remand, we direct the trial court to resentence defendant in the awareness that it has the same discretion as did the original sentencing court. Of course, there is nothing prohibiting the trial court from considering and agreeing with the original sentencing judge's reasoning when defendant was sentenced. Thus, the trial court is not required to depart from its intent to impose the maximum possible sentence so long as it is aware it is not required to do so.

15

### III.  DISPOSITION

The judgment is reversed, and the matter is remanded for resentencing consistent with the views expressed herein.  On remand, the trial court is directed to stay imposition of punishment on one of the enhancements attached to count 4 and impose "'only the greatest of those enhancements.'"  (*Rodriguez*, *supra*, 47 Cal.4th at p. 509; see *Le*, *supra*, 61 Cal.4th at p. 429.)  The court is further directed to stay imposition of punishment on any enhancement attached to counts upon which punishment has been stayed.  Finally, the court is directed to resentence defendant in full exercise of its independent discretion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:


RAMIREZ
P. J.


MILLER
J.

16