Filed 3/26/21  P. v. Herrera CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059386 |
| v. | (Super. Ct. No. 14NF5117) |
| SALVADOR LEROY HERRERA, JR., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Gary S. Paer, Judge.  Affirmed.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Appellant Salvador Leroy Herrera, Jr., is before us a second time. Previously, we affirmed his convictions, but remanded the matter for resentencing. Specifically, we ordered the trial court to reconsider the gang enhancement and to exercise its newly granted discretion under Senate Bill Nos. 620 and 1393 (2017-2018) Reg. Sess.) to strike or dismiss the firearm enhancement or the five-year enhancement for a prior serious felony conviction. (*People v. Herrera* (Apr. 26, 2019, G054945) [nonpub. opn.].)

Following a resentencing hearing, the trial court declined to strike or dismiss the firearm enhancement or the five-year prior. Herrera appealed, and his appointed counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738. Herrera did not file a supplemental brief. Because our review of the record discloses no arguable issues, we affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

As recounted in our prior opinion, on December 1, 2014, the victim and his two sons were in their driveway when Herrera approached their vehicle. Herrera leaned into their vehicle and screamed he was going to kill the victim. He then pulled out a black handgun and pointed it at the victim, before saying this was his neighborhood and he was in charge. After the victim stated he respected Herrera, Herrera responded he would not kill the victim at this time because of the children's presence, but would return. After Herrera left, the victim called police. Herrera was arrested two weeks later. (*People v. Herrera* (Apr. 26, 2019, G054945) [nonpub. opn.].)

A jury convicted Herrera of assault with a firearm (Pen. Code § 245, subd. (a)(2); all further statutory citations are to the Penal Code unless otherwise stated), making criminal threats (§ 422), possession of a firearm by a felon (§ 29800, subd. (a)(1)), and misdemeanor possession of cocaine (Health & Saf. Code, § 11350, subd. (a)).

2

The jury found true gang and firearm allegations. The trial court sentenced Herrera to a total of 28 years in state prison, including a 10-year firearm enhancement, a five-year gang enhancement, and a five-year enhancement for a prior serious felony. (*People v. Herrera* (Apr. 26, 2019, G054945) [nonpub. opn.].)

On appeal, we affirmed the convictions, but remanded for resentencing. We ordered the trial court to address *People v. Le* (2015) 61 Cal.4th 416, which held a court could not impose both a gang enhancement and a firearm enhancement for the single act of personally using a gun during the commission of a felony. We also ordered the trial court to exercise its newly granted discretion under Senate Bill Nos. 620 and 1393 to strike or dismiss the firearm enhancement or the five-year enhancement for a prior serious felony conviction. (*People v. Herrera* (Apr. 26, 2019, G054945) [nonpub. opn.].)

At the resentencing hearing, the trial court struck the gang enhancement, but declined to strike or dismiss the firearm enhancement or the five-year prior. The court explained it recalled the facts of the case. At the original sentencing, it had been inclined to impose a 40-years-to-life sentence based on the crime and Herrera's criminal history, but instead exercised its discretion to strike two of Herrera's prior strike convictions and impose a 28-year determinate sentence. The court also noted that Herrera had committed additional offenses, one after the verdict and one while in custody after the initial sentencing. The court awarded Herrera additional custody credits of 1,147 actual days for a total of 2,133 custody credits. It also ordered the Department of Corrections to calculate any additional conduct credits.

II

DISCUSSION

Following *Wende* guidelines, we have reviewed counsel's brief and the appellate record. To assist the court in its review, counsel identified several issues for our consideration: Whether the trial court considered the proper factors or abused its

3

discretion in declining to strike or dismiss the firearm enhancement or the five-year prior, and whether the trial court properly calculated custody credits.

As to the trial court's exercise of its sentencing discretion in declining to strike or dismiss the enhancement, we find no error. "[I]n considering whether the furtherance of justice is served by dismissal under section 1385, no weight should be accorded factors extrinsic to the [sentencing] scheme . . . . Instead, 'preponderant weight must be accorded to factors intrinsic to the scheme, such as the nature and circumstances of the defendant's present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects. [Citation.]" (*People v. S.M.* (2017) 9 Cal.App.5th 210, 220.) Here, the trial court considered the nature and circumstances of the present offenses and Herrera's background, including offenses committed after the original sentencing. In light of the numerous aggravating factors and Herrera's extensive criminal background, we find no abuse of discretion in the court's decision declining to strike or dismiss the firearm enhancement or the five-year prior.

As to the custody credits, we have reviewed the sentencing transcript and the original abstract of judgment. Although there was some confusion, the trial court referenced the 858 actual and 128 conduct credits awarded at the original sentencing, and correctly calculated the total custody credits. Herrera is entitled to 2,133 days of custody credits, plus any additional conduct credit earned since the original sentencing, as calculated by the Department of Corrections.

Our review of the entire record, including the matters identified by counsel, does not show the existence of an arguable issue. (*Wende*, *supra*, 25 Cal.3d at pp. 442-443.) Consequently, we affirm the judgment.

4

## III

### DISPOSITION

The judgment is affirmed.


                                        ARONSON, ACTING P. J.

WE CONCUR:


FYBEL, J.


THOMPSON, J.