Opinion
CANTIL-SAKAUYE, C. J.
In People v. Rodriguez (2009) 47 Cal.4th 501 [98 Cal.Rptr.3d 108, 213 P.3d 647] (Rodriguez), we held that a defendant’s single act of personally using a gun during the commission of a felony could not be used to support both a sentence enhancement for personal use of a firearm under Penal Code section 12022.5, former subdivision (a)(1),[1] and to elevate the punishment for a criminal street gang allegation to a “violent felony” under section 186.22, subdivision (b)(1)(C). We explained that the application of both enhancements in that case depended on the defendant’s use of a firearm, and that subdivision (f) of section 1170.1 prohibits imposing two sentence enhancements when both enhancements are “ ‘for being armed with or using a dangerous or deadly weapon or a firearm in the commission of a single offense.’ ” (Rodriguez, supra, at p. 508, quoting § 1170.1, subd. (f), italics omitted.)
We granted review in this case to decide whether section 1170.1, subdivision (f) also precludes a trial court from imposing both a firearm enhancement under section 12022.5, former subdivision (a)(1), and a gang enhancement under section 186.22, subdivision (b)(1)(B), in connection with a single offense, when the offense is a “serious felony” under section 186.22, subdivision (b)(1)(B) and involved the use of a firearm. In the present case, *420 because both enhancements again depend on defendant’s firearm use, we conclude that section 1170.1, subdivision (f) bars the imposition of both enhancements.
I. Factual and Procedural Background
On June 14, 2002, defendants Eric Hung Le and Down George Yang of the Tiny Oriental Crips street gang committed a drive-by shooting outside a San Diego pool hall, believing that they were aiming at rival Asian Crips gang members. Instead, two bullets wounded members of a completely different gang, and a third bullet killed the owner of the pool hall, Don Su.
Following a jury trial, defendants were convicted of murder (§ 187, subd. (a); count 1); attempted willful, deliberate and premeditated murder (§§ 664, 187, subd. (a); count 2); discharging a firearm from a motor vehicle (former § 12034, subd. (d); count 3); and assault with a semiautomatic firearm (§ 245, subd. (b); counts 4 & 5). The jury also found true that the crimes in counts 1 through 5 were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)); that as to counts 1, 2 and 3, Le and Yang were principals in the offenses and that during their commission, at least one principal used a firearm (§ 12022.53, subds. (d) & (e)(1)); and finally, as to counts 3 and 4, that Yang personally used a firearm (§ 12022.5, former subd. (a)(1)). The verdict reflects that the jury accepted the prosecution’s theory that Le was the driver and Yang was the shooter. Le was sentenced to a term of 96 years to life and Yang to a term of 101 years to life.
At issue in this case is the trial court’s sentencing of defendant Yang on count 4, assault with a semiautomatic firearm under section 245, subdivision (b). As to this count, the jury found true that defendant Yang committed the assault while personally using a firearm under section 12022.5, former subdivision (a)(1).[2] This sentence enhancement imposes an additional consecutive prison term of three, four, or 10 years.[3] Also as to count 4, the jury found true that defendant Yang committed the assault for the benefit of a street gang under section 186.22, subdivision (b)(1), but the charging document did not specify whether it should be enhanced as a “serious felony” *421 (§ 186.22, subd. (b)(1)(B)), which imposes an additional five-year prison term, or as a “violent felony” (§ 186.22, subd. (b)(1)(C)), which imposes an additional 10-year term.
At the sentencing hearing, the parties contested the applicability of Rodriguez to count 4. In Rodriguez, the defendant fired shots at rival gang members, and a jury later found him guilty of assault with a firearm (§ 245, subd. (a)(2)) and made findings under two different sentencing enhancement statutes: (1) that defendant personally used a firearm (§ 12022.5, subd. (a)) and (2) that he committed a “violent felony” to benefit a criminal street gang (§ 186.22, subd. (b)(1)(C)). In rejecting the argument that the section 186.22 enhancement applied not only to the defendant’s use of a firearm but also to the allegation of committing a felony to benefit a street gang, we explained that the defendant became eligible for the 10-year gang enhancement for a violent felony “only because he ‘use[d] a firearm which use [was] charged and proved as provided in . . . Section 12022.5.’ ” (Rodriguez, supra, 47 Cal.4th at p. 509, quoting § 667.5, subd. (c)(8).) In other words, the only factor that qualified the defendant’s assault as a violent felony under section 667.5 was his use of a firearm — and that, in turn, made him eligible for the 10-year gang enhancement under section 186.22, subdivision (b)(1)(C) for violent felonies. Because both the section 12022.5 personal use enhancement and the section 186.22 gang enhancement for a violent felony depended on the defendant’s use of a firearm, the sentence violated the prohibition contained in section 1170.1, subdivision (f) against enhancing a sentence twice for firearm use. (Rodriguez, supra, at p. 509.)
In the present case, the prosecutor sought to impose the upper term on defendant Yang for count 4; that is, the maximum term of nine years for the assault with a firearm, along with the maximum term of 10 years for the firearm use enhancement under section 12022.5, subdivision (a)(1). But the prosecutor recognized that, if the section 186.22 enhancement were treated as a violent felony under section 186.22, subdivision (b)(1)(C), Rodriguez and section 1170.1, subdivision (f) would apply to bar an additional 10-year enhancement. Accordingly, the prosecutor asked the trial court to treat the section 186.22 enhancement simply as a “gang allegation” that is “not for being armed” and to impose a five-year enhancement under subdivision (b)(1)(B) of that statute. In essence, the prosecutor argued that because the complaint did not specifically allege that the section 186.22 enhancement was a violent felony under subdivision (b)(1)(C) of that statute, it did not constitute an “enhanced gang allegation” based on the use of a firearm. The trial court disagreed. The court believed that, under Rodriguez, it could not impose terms for both enhancements because the jury’s findings made defendant’s assault a violent felony under section 667.5, thereby making the applicable enhancement the same 10-year term under section 186.22, subdivision (b)(1)(C) that was at issue in Rodriguez. Accordingly, the court *422 imposed the 10-year term for that enhancement, but stayed any sentence enhancement under section 12022.5, subdivision (a). It noted, however, that if the court could have applied that enhancement it would have chosen the upper term of 10 years, based on the nature of the offense.
Defendants appealed their convictions and the People appealed the trial court’s decision to stay the enhancement on count 4. The People argued that the trial court should have imposed a five-year enhancement for a serious felony under section 186.22, subdivision (b)(1)(B) because it had been “generically” pleaded in the information without reference to whether it was a serious or violent felony or to the firearm use allegation.
The Court of Appeal affirmed defendants’ convictions, and it also affirmed the trial court’s stay of the section 12022.5 enhancement. The Court of Appeal applied the holding of Rodriguez, concluding that the generic pleading of the gang enhancement allegation in the present case was a “distinction without a difference,” and it held that the record supported the finding that the personal gun use and gang enhancements were both based on firearm use involving the single offense of assault with a semiautomatic weapon.
We granted the People’s petition for review.
II. Discussion
A. Overview of the Applicable Statutes
The statutes at issue here are (1) section 245, subdivision (b), assault with a semiautomatic firearm, the base felony crime for defendant Yang’s conviction on count 4; (2) section 12022.5, subdivision (a)(1), the personal use of a firearm enhancement for count 4; (3) section 186.22, subdivision (b), the enhancement for committing count 4 for the benefit of a criminal street gang, which provides different levels of enhancement depending on whether count 4 is a violent felony, a serious felony, or other felony; (4) section 667.5, which lists what felonies qualify as violent felonies; (5) section 1192.7, which lists what felonies qualify as serious felonies; and (6) section 1170.1, subdivision (f), which prohibits imposing sentences on multiple enhancements of a single offense involving the use of a firearm or dangerous or deadly weapon.
Section 186.22, the gang enhancement statute, is particularly important to the question presented here. As explained, it provides different levels of enhancement for the base felony if that felony is “committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct *423 by gang members . . . (§ 186.22, subd. (b)(1).) If the base felony qualifies as a violent felony under the list of felony crimes contained in section 667.5, then “the person shall be punished by an additional term of 10 years.” (§ 186.22, subd. (b)(1)(C).) If the base felony qualifies as a serious felony under the list of felony crimes contained in section 1192.7, then “the person shall be punished by an additional term of five years.” (§ 186.22, subd. (b)(1)(B).) If the base felony qualifies neither as serious nor violent, then “the person shall be punished by an additional term of two, three, or four years at the court’s discretion.” (§ 186.22, subd. (b)(1)(A).) Section 186.22, subdivision (b)(1)’s three sentence provisions, therefore, reflect the intention to impose progressively longer sentence enhancements based on the severity of the felony categorized across three tiers. It is also important to note that the sentence enhancements in section 186.22, subdivision (b)(1) are mandatory- — all three provisions specify that the additional punishment “shall” be imposed.
Section 1192.7, which lists the felonies that qualify as serious felonies, refers to several crimes that involve the use of a firearm or a deadly weapon. (See § 1192.7, subd. (c)(8), (11), (13), (23), (26), (31)-(33).) Section 667.5, which lists the felonies that qualify as violent felonies, refers to only one crime that necessarily involves the use of a firearm or deadly weapon- — • “any felony in which the defendant uses a firearm which use has been charged and proved as provided in subdivision (a) of Section 12022.3, or Section 12022.5 or 12022.55.” (§ 667.5, subd. (c)(8).)
Subdivision.(f) of section 1170.1 prohibits multiple enhancements of punishment as to a single offense for being armed with or using a firearm or dangerous or deadly weapon. That section states, in part: “When two or more enhancements may be imposed for being armed with or using a dangerous or deadly weapon or a firearm in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense.” (§ 1170.1, subd. (f).) Thus, the sentencing limitation of section 1170.1, subdivision (f), can apply, not only for enhancements involving the personal use of a firearm in the commission of the offense, but also if the enhancement is imposed for simply “being armed” during the commission of the offense.
As in Rodriguez, we must decide whether section 1170.1, subdivision (f) prohibits the imposition of sentence on both enhancements in the present case — the personal use of a firearm enhancement under section 12022.5, subdivision (a)(1) and the gang enhancement under section 186.22, subdivision (b)(1). In Rodriguez, we concluded that the imposition of sentence on both enhancements violated section 1170.1 because the People had pleaded the gang enhancement under the violent felony provision, section 186.22, subdivision (b)(1)(C). As described above, we examined the list of *424 violent felonies contained in section 667.5 and determined that it was solely gun use that made the defendant’s crime qualify as a violent felony under that section. Specifically, we referred to section 667.5, subdivision (c)(8), which makes the base crime a violent felony if the defendant “ !use[d] a firearm which use [was] charged and proved as provided in . . . Section 12022.5.’ ” (Rodriguez, supra, 47 Cal.4th at p. 509, quoting § 667.5, subd. (c) (8).) The defendant in Rodriguez became eligible for the 10-year violent felony enhancement under section 186.22, subdivision (b)(1)(C) solely because of his personal use of a firearm, and as sentenced his “firearm use was punished under two different sentence enhancement provisions, each pertaining to firearm use.” (Rodriguez, supra, at p. 509.) This, we held, violated section 1170.1, subdivision (f)’s prohibition against imposing multiple firearm sentence enhancements for a single base crime.
In the present case, unlike in Rodriguez, the People did not specify whether their complaint sought to impose the section 186.22 gang enhancement as a violent felony, serious felony, or other felony. Instead, the People generically pleaded the gang enhancement under section 186.22, subdivision (b)(1), and the prosecutor argued at sentencing that the trial court should impose a five-year enhancement.[4] Because subdivision (b)(1)(B) is the only provision of section 186.22, subdivision (b)(1) that calls for the imposition of a five-year enhancement, we assume the People sought to categorize that enhancement as a serious felony for purposes of section 1192.7.[5]
B. Whether Count 4 Qualifies as a Serious Felony Involving the Use of a Firearm
As the trial court concluded and defendant agrees, defendant’s assault with a semiautomatic firearm qualified as a violent felony under section 667.5, subdivision (c). We need not decide whether, as defendant argues, the trial court lacked discretion to designate the gang enhancement as anything other than one for a violent felony under section 186.22, subdivision (b)(1)(C), *425 because even if the trial court retained discretion to designate the crime as a serious felony for the purpose of section 186.22, subdivision (b)(1)(B), under the facts of this case, the crime would qualify as a serious felony solely because it involved firearm use.[6]
As previously explained, count 4 charged defendant Yang with violating section 245, subdivision (b), assault with a semiautomatic firearm. Section 1192.7 designates several assault-related crimes as serious felonies, but defendant’s crime is not a serious felony by virtue of any of these provisions. Rather, as the dissent fails to recognize, defendant’s crime qualifies as a serious felony solely because it involved a firearm. The crime fell under subdivision (c)(8) of section 1192.7, which applies to “any felony in which the defendant personally uses a firearm” (id., subd. (c)(8)), or subdivision (c)(23), which applies to “any felony in which the defendant personally used a dangerous or deadly weapon” (§ 1192.7, subd. (c)(23)), or subdivision (c)(31), which applies to “assault with a deadly weapon, firearm, machinegun, assault weapon, or semiautomatic firearm” (§ 1192.7, subd. (c)(31)). These three provisions constitute the sole bases under which the conduct described in count 4 would be a serious felony, and they all clearly implicate the use of a firearm. No other provision of section 1192.7, subdivision (c), appears applicable to qualify count 4 as a serious felony.[7]
Therefore, as was the case in Rodriguez, supra, 47 Cal.4th 501, defendant Yang’s section 186.22 gang enhancement for count 4, regardless of whether it qualified as a serious or violent felony under subdivision (b)(1)(B) or (b)(1)(C), is an enhancement “imposed for being armed with or using ... a firearm.” (§ 1170.1, subd. (f).) Under section 1170.1, subdivision (f), the underlying felony, based on section 245, subdivision (b), could not be enhanced for use of a firearm both under section 12022.5, subdivision (a), and section 186.22, subdivision (b)(1). Rather, section 1170.1 required that only the greater of the two enhancements — in this case, the enhancement under section 12022.5 — could be imposed.
C. The People’s Arguments
The People, along with the dissent, advance a number of arguments urging that section 1170.1, subdivision (f), does not apply here. We reject these contentions.
*426 The People repeat the same argument they raised in Rodriguez — that the section 186.22 enhancement is not subject to the limiting language of section 1170.1, subdivision (f) because that enhancement is for committing a felony to benefit a street gang, not for a defendant’s firearm use. But accepting such an argument would defeat the core principle of Rodriguez. We explained in Rodriguez that the relevant concern is whether the underlying felony’s designation as serious or violent is “based on defendant’s firearm use.” (Rodriguez, supra, 47 Cal.4th at p. 508.)
Nor does it matter that the People refrained from specifically pleading that the section 186.22 gang enhancement involved the use of a gun. This circumstance does not eliminate the need to determine precisely why the People contend that count 4 qualifies as a serious felony. Determining whether the section 186.22 gang enhancement qualifies as a violent, serious, or other felony for count 4 requires reference to the statutory schemes defining such classifications based on the underlying conduct for which defendant was convicted under that count. As we have explained, in this matter defendant Yang’s conviction on count 4 can be designated as a violent felony under section 667.5, subdivision (c)(8) only because of his use of a firearm, but that same conduct also constitutes a serious felony under section 1192.7, subdivision (c), likewise under provisions that are based on the use of a firearm. Indeed, on appeal, the People concede that count 4 qualifies as a serious felony because section 1192.7, subdivision (c)(31) makes assault with a semiautomatic firearm a serious felony. For purposes of section 1170.1, subdivision (f), this circumstance is no different from that presented under Rodriguez. Although there are many other crimes designated as serious or violent felonies that do not necessarily involve the use of a firearm, just as was the case in Rodriguez, they are not implicated here.
The People further argue that neither the underlying felony in count 4 nor the section 186.22, subdivision (b)(1) gang enhancement required the personal use of a firearm, thereby rendering inapplicable the limiting language of section 1170.1, subdivision (f). But section 1170.1, subdivision (f) makes no such distinction. The sentence limitation applies “[w]hen two or more enhancements may be imposed for being armed with or using a dangerous or deadly weapon or a firearm in the commission of a single offense.” (§ 1170.1, subd. (f), italics added.) Thus, section 1170.1, subdivision (f), is not limited to a defendant’s personal use of a firearm but includes being armed with such a weapon during the commission of the base offense. In this matter, there is no question that defendant Yang was armed for purposes of count 4.
The People and the dissent reason that, once a defendant is convicted of a violation of section 245, subdivision (b), the simple fact of that conviction is *427 sufficient to additionally punish the defendant under section 186.22, subdivision (b)(1)(B) for committing that particular crime to benefit a criminal street gang, and this additional punishment is unrelated to any involvement of a firearm in that crime. The People and the dissent argue that although section 1170.1, subdivision (f) can apply to a weapon enhancement that is used to qualify a defendant for a higher tier of the gang enhancement (Rodriguez, supra, 47 Cal.4th at p. 509), it cannot apply to the gang enhancement itself, and therefore it does not apply when a substantive offense is used to qualify a defendant for a higher tier of the gang enhancement. They argue, therefore, that because a conviction under section 245, subdivision (b) is not an “enhancement” for purposes of section 1170.1, subdivision (f), a gang enhancement based on that section 245, subdivision (b) conviction (§ 186.22, subd. (b)(1)(B)) is also not an “enhancement” for purposes of section 1170.1, subdivision (f).
Section 186.22 itself repeatedly describes its additional punishment for serious or violent felonies as an “enhancement.” (See § 186.22, subds. (c) [“If the court grants probation or suspends the execution of sentence imposed upon the defendant for a violation of subdivision (a), or in cases involving a true finding of the enhancement enumerated in subdivision (b), the court shall require that the defendant serve a minimum of 180 days in a county jail as a condition thereof.” (italics added)], (g) [“Notwithstanding any other law, the court may strike the additional punishment for the enhancements provided in this section . . . .” (italics added)].) Consequently, it cannot be said that the serious felony offense of assault with a semiautomatic firearm under section 186.22, subdivision (b)(1)(B) can be distinguished as a substantive offense and not an “enhancement,” as that term is used by both sections 186.22 and 1170.1, subdivision (f). (See People v. Morris (1988) 46 Cal.3d 1, 16 [249 Cal.Rptr. 119, 756 P.2d 843] [“Firearm enhancements, like special circumstances, are not substantive crimes.”].)
Furthermore, the use of a semiautomatic firearm is a necessary element of section 245, subdivision (b). (CALJIC No. 9.02.1 [“In order to prove this crime, each of the following elements must be proved: [¶] l.A person was assaulted; and [¶] 2. The assault was committed with a . . . semiautomatic firearm.”].) Without the element concerning the use of a semiautomatic firearm, the conduct would constitute a simple assault, a crime not listed as a serious felony under section 1192.7, subdivision (c) — a circumstance the dissent fails to address. The assault with a semiautomatic firearm here, therefore, is a serious felony because it involved a firearm. In other words, it cannot be doubted that being armed with a specific kind of gun is an element of assault with a semiautomatic firearm under section 245, subdivision (b). Without that element, the crime would not qualify for the additional five-year enhancement under section 186.22, subdivision (b)(1)(B), part of the criminal gang statute.
*428 Accordingly, it is the element concerning the use of a semiautomatic firearm that elevates the crime beyond a simple assault and causes it to be listed as a serious felony, which, in turn, qualifies the conduct for a five-year serious felony enhancement under the criminal gang statute. Similar to the circumstances in Rodriguez, it was solely the use of a semiautomatic weapon that made defendant Yang’s crime qualify as a serious felony, and he became eligible for the five-year serious felony enhancement under section 186.22, subdivision (b)(1)(B) solely because of the use of that semiautomatic weapon. Thus, defendant Yang was exposed to two different sentence enhancement provisions, each pertaining to firearm use, which implicates section 1170.1, subdivision (f)’s prohibition against imposing “two or more enhancements ... for being armed with or using ... a firearm.”
Finally, the People assert that our dispositional language in Rodriguez indirectly supports their position. In Rodriguez, following our conclusion that the sentence imposed in that matter violated section 1170.1, subdivision (f), we further concluded that the Court of Appeal erred by ordering the trial court to strike the imposition of punishment under former section 12022.5, subdivision (a) for the defendant’s personal use of a firearm. Instead, we explained that the correct remedy was to reverse the trial court’s judgment and remand the matter back for resentencing in order to “give the trial court an opportunity to restructure its sentencing choices in light of our conclusion that the sentence imposed here violated section 1170.1’s subdivision (f).” (Rodriguez, supra, 47 Cal.4th at p. 509.) Because simply striking the sentence under former section 12022.5 would have allowed for the greatest enhancement to be imposed by leaving intact the 10-year enhancement under section 186.22, subdivision (b)(1)(C), the People contend our disposition suggests that we believed the trial court could have sentenced the defendant on a section 186.22 gang enhancement based on another part of subdivision (b)(1) not involving a violent felony.
But this argument ignores the fact that the trial court in Rodriguez had chosen the middle term of four years for the three underlying base felonies of assault with a firearm. It also imposed sentence on both the gang enhancement under section 186.22, subdivision (b)(1)(C) and the personal use of a firearm enhancement under former section 12022.5, subdivision (a). Because we concluded that section 1170.1 precluded the imposition of sentence on both enhancements, this left the opportunity for the trial court to restructure its sentence by imposing the upper terms for the base felonies, if it was inclined to compensate for the loss of one of the enhancements. Our decision in Rodriguez, therefore, carried no implication regarding whether section 1170.1, subdivision (f) could apply to nonviolent felonies under section 186.22, subdivision (b)(1) or another part of that subdivision.
*429 III. Conclusion and Disposition
We conclude that a trial court is precluded from imposing both a firearm enhancement under section 12022.5, subdivision (a)(1) and a serious felony gang enhancement under section 186.22, subdivision (b)(1)(B) when the crime qualifies as a serious felony solely because it involved firearm use. Because both enhancements in the present case were based solely on defendant Yang’s use of a firearm in the commission of a single offense, section 1170.1, subdivision (f) requires that only the greater of the two enhancements may be imposed. This conclusion is a logical extension of the holding in Rodriguez, supra, 47 Cal.4th 501.
For the foregoing reasons, the Court of Appeal’s judgment is affirmed.
Werdegar, J., Corrigan, J., Liu, J., Cuéllar, J., and Kruger, J., concurred.

 All further statutory references are to the Penal Code.

 The 2002 version of former section 12022.5 applicable in this case did not differ from the current statute in any significant respect. (See Stats. 1999, ch. 129, § 5, pp. 1803-1804, amending § 12022.5, subsequently repealed by Stats. 2010, ch. 711, § 4.) Accordingly, subsequent citations in this opinion will not distinguish between the two versions of the statute.

 Generally, a defendant is exempt from a section 12022.5 enhancement if the “use of a firearm is an element of’ the charged offense. (§ 12022.5, subd. (a).) But section 12022.5 contains an exception if a defendant commits a section 245 violation using a firearm. (§ 12022.5, subd. (d).) Therefore, despite the fact that defendant Yang’s section 245, subdivision (b) violation included the element of the use of a semiautomatic firearm, his crime is not exempt from enhancement under section 12022.5.

 In fact, regarding all five counts, the People pleaded the section 186.22 gang enhancement under subdivision (b)(1) without specifying whether they sought enhancement as a serious, violent, or other felony.

 The Court of Appeal did not consider whether such a “generic” pleading is permissible, or whether the prosecutor may wait until sentencing to specify under which provision of section 186.22, subdivision (b)(1) the People seek to enhance the sentence. We asked the parties to submit additional briefing on this issue, and the parties both contend that the prosecution met its pleading burden by generically pleading section 186.22, subdivision (b)(1). Specifically, the parties claim that such pleading is permissible because the state cannot know until the jury’s verdict whether defendant will be convicted of other charged crimes, enhancements, or lesser offenses that may dictate which subparagraph of subdivision (b)(1) is applicable. Because the parties do not contest matters of notice and the sufficiency of the pleading, we express no opinion on these issues.

 Similarly, the parties have not raised, nor do we address or decide, whether subdivision (b)(1)(A) of section 186.22 might be applicable here.

 Another provision of section 1192.7 designates shooting from a vehicle as a serious felony (id., subd. (c)(36)), but this felony, former section 12034, subdivision (d), was the subject of count 3, not count 4. Count 3 charged its own sentence enhancements under sections 186.22 and 12022.53. Furthermore, 1192.7, subdivision (c)(1) designates murder as a serious felony, but this felony was the subject of count 1.