Filed 2/22/16  P. v. Flanagin CA3

### NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# THIRD APPELLATE DISTRICT

## (Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C079079 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F0006771) |
| v. | |
| TIMOTHY RAYE FLANAGIN, | |
| Defendant and Appellant. | |

Sentenced to six years in state prison following a plea agreement, defendant Timothy Raye Flanagin contends the trial court abused its discretion in denying his *Romero*[1] request to strike a prior strike.  We shall affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

While on GPS-monitored parole, defendant was found in a hotel room with a small amount of methamphetamine, drug paraphernalia, and a fixed-blade knife.  He was

---

[1]  *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

1

charged with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and alleged to have had a prior strike (Pen. Code, § 1170.12)[2] and two prior convictions (§ 667.5, subd. (b)).  Defendant pleaded guilty, admitting to the possession, prior strike, and two prior convictions.

The prior strike (and one of the prior convictions) was for raping a 16-year-old girl in 1998 when defendant was 21.  Defendant had held a knife to the victim's stomach and raped her.  He also bit her neck.  In 2004, his DNA was matched with a sample taken from the victim, and he was convicted in 2007.  The other prior conviction was for failing to register as a sex offender in 2014.

At sentencing, defendant requested the trial court to strike his prior strike (§ 1385, subd. (a); *Romero*, *supra*, 13 Cal.4th 497.)  He asserted:  He would be eligible for probation, supervision, or drug treatment but for his prior strike.  The underlying offense was punishable as a misdemeanor and involved only a small amount of methamphetamine.  The offense was neither serious nor violent, nor did it represent an increase in seriousness from his prior convictions.  Three strikes punishment was disproportionate to the severity of the offense.  He had admitted his guilt at an early stage.  Three of his four prior felonies were neither serious nor violent.  His prior strike occurred 15 years ago.  He had never suffered a drug possession conviction in the past. All his prior felony conduct occurred within a relatively short period (with the exception of his current offense and failing to register as a sex offender).  And he had remained free from felony conduct for over 10 years.

The court denied the motion, calling defendant a "typical recidivist" and a "high-risk person out on the street."  The court noted defendant's criminal history, which started

---

[2]  Undesignated statutory references are to the Penal Code.

in 1996 and continued to the present, including five violent felony convictions: three assaults with bodily injury, exhibiting a weapon, and forcible rape.

The court also noted defendant's multiple failures on probation and parole. Defendant was "on all fours a strike offender who creates all the risks consistent with strike treatment." The court added that while it was sensitive to the need for rehabilitation and treatment, defendant had reached a point where simply providing drug treatment was inadequate.

The court, however, noting the nature and quantity of the controlled substance, considered the middle term appropriate. The court imposed a six-year sentence (the middle term of two years, doubled for the strike, plus two years for the two prior prison terms).

**DISCUSSION**

Defendant now challenges that sentence, contending the trial court abused its discretion in denying his *Romero* motion. He argues the trial court erred in its singular focus on defendant's recidivism. It failed to give sufficient weight to the relatively minor nature of his underlying conviction. And the court placed undue weight on defendant's failure to register as a sex offender, which is not a particularly serious offense. Moreover, three of the five violent felonies were misdemeanor assaults, and the record did not detail defendant's 2013 conviction for exhibiting a deadly weapon. And "the only serious violence was the 1998 rape."

Defendant further points to his background as reflected in the probation report: He came from a troubled background. His mother died when he was three, and his father abandoned him and his siblings shortly after. He stayed with his grandparents and in foster homes before being adopted when he was six. His adoptive parents physically

3

abused him, and by age 12, he was sent to the Texas Youth Commission until he turned 18, for running away and stealing cars.

Defendant thus claims the trial court abused its discretion in denying his *Romero* motion and sentencing him to six years. We disagree.[3]

The three strikes law " 'establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme." ' " (*Carmony*, *supra*, 33 Cal.4th at p. 377.)

A trial court properly exercises its discretion to strike a prior strike under section 1385 only if it finds that "in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [three strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

When a trial court declines to strike a prior strike, we review that decision for abuse of discretion. (*Carmony*, *supra*, 33 Cal.4th at pp. 374-375.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.) Reversal is justified where the court was

---

[3] The People also argue that defendant has forfeited his claim because he "did not enter any objections to the trial court's declination of his invitation to strike [his] prior strike conviction." This point is not well taken. (See *People v. Carmony* (2004) 33 Cal.4th 367, 375 (*Carmony*) [a trial court's refusal or failure to strike a prior conviction under § 1385 is subject to review for abuse of discretion].)

unaware of its discretion to strike a prior strike, or refused to do so at least in part for impermissible reasons. (*Id.* at p. 378.) But where the court, aware of its discretion, " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the . . . ruling, even if we might have ruled differently in the first instance' [citation]." (*Ibid.*)

Here, the trial court properly exercised its discretion in denying the *Romero* motion. The trial court knew of its discretion and balanced the relevant factors to determine that defendant came within the spirit of the three strikes law. Though defendant raised factors that could—under different circumstances—support striking a strike, defendant's background, character, and prospects strongly favored denying the motion to strike. Defendant's prior strike involved a serious violent felony: raping a 16 year old at knifepoint. He was convicted of that crime only eight years ago. And following that conviction, defendant has continued to incur convictions. Indeed, defendant's subsequent crimes and inability to comply with parole, probation, and registration requirements suggest a significant risk of recidivism. His long criminal history and current drug addiction further demonstrate that risk. Thus, the trial court acted well within its discretion in denying defendant's request to strike his strike.[4]

---

[4] Defendant further points to *People v. Le* (2015) 61 Cal.4th 416 to argue that the trial court impermissibly used the strike to double his two-year term as well as to enhance that term by an additional year. He is mistaken. *Le* held that the use of a firearm could not support two enhancements that both depend on the defendant's firearm use. (*Id.* at pp. 419-420.) By contrast, a prior conviction may bring a defendant under the three strikes sentencing scheme and also form the basis of a prior prison commitment enhancement under section 667.5, subdivision (b). (*People v. Cressy* (1996) 47 Cal.App.4th 981, 989.)

**DISPOSITION**

The judgment is affirmed.


      BUTZ      , Acting P. J.


We concur:


      MAURO      , J.


      HOCH      , J.