Filed 1/21/22  P. v. Lee CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>STEPHEN LEE,<br><br>    Defendant and Appellant. | F080186<br><br>(Fresno Super. Ct. No. CF02907322)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Alan M. Simpson, Judge.

Michelle T. LiVecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P. J., Franson, J. and Meehan, J.

## INTRODUCTION

Appellant Stephen Lee pleaded no contest to voluntary manslaughter and attempted murder, and he was sentenced to 25 years four months in prison pursuant to a negotiated disposition. Thereafter, he filed numerous motions in the superior court and asserted he should be resentenced based on subsequent legislative enactments, initiatives, and court rulings. These motions were denied, and he filed the instant notice of appeal after the denial of his most recent motion for resentencing.

On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We affirm.

## PROCEDURAL HISTORY[1]

### Plea Proceedings

On August 12, 2003, appellant entered into a negotiated disposition in the Superior Court of Fresno County and pleaded no contest to count 1, voluntary manslaughter (Pen. Code, § 192, subd. (a)),[2] and admitted enhancements for personal use of a firearm (§ 12022.5, subd. (a)(1)) and that the offense was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)). He also pleaded no contest to count 2, attempted murder (§§ 664, 187) and admitted a great bodily injury enhancement (§ 12022.7, subd. (a)).

As part of the negotiated disposition, the court gave an indicated sentence of 25 years four months in prison. The parties stipulated to a factual basis based on *People v. West* (1970) 3 Cal.3d 595.

---

[1] The instant record does not include any facts or charging documents that resulted in appellant's convictions. The record of this appeal is limited to the following information.

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

2.

**Sentence**

On September 9, 2003, the court held the sentencing hearing and imposed the aggregate term of 25 years four months in prison, consistent with the plea agreement: count 1, voluntary manslaughter, the lower term of three years, plus consecutive terms of 10 years for the firearm enhancement[3] and 10 years for the gang enhancement[4]; and count 2, attempted murder, a consecutive term of two years four months (one-third the midterm of seven years) and stayed the term for the great bodily injury enhancement pursuant to section 654.

## POSTJUDGMENT MOTIONS

**First Motion for Resentencing**

On or about April 24, 2016, appellant filed, in pro. per., an ex parte motion for the superior court to modify his sentence and argued newly amended sections 1170 and 1170.1 required imposition of midterms for both the firearm and gang enhancements attached to count 1.

On May 18, 2016, the court issued an order denying appellant's motion, and held it did not have jurisdiction to rule on the merits of his postjudgment motion "other than to

---

[3] Former section 12022.5, subdivision (a)(1) stated the enhancement for personal use of a firearm was three, four, or 10 years.

[4] Section 186.22 "provides different levels of enhancement for the base felony if that felony is 'committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members ....' [Citation.] If the base felony qualifies as a violent felony under the list of felony crimes contained in section 667.5, then 'the person shall be punished by an additional term of 10 years.' (§ 186.22, subd. (b)(1)(C).) If the base felony qualifies as a serious felony under the list of felony crimes contained in section 1192.7, then 'the person shall be punished by an additional term of five years.' (§ 186.22, subd. (b)(1)(B)). If the base felony qualifies as neither serious nor violent, then 'the person shall be punished by an additional term of two, three, or four years at the court's discretion.' (§ 186.22, subd. (b)(1)(A).)" (*People v. Le* (2015) 61 Cal.4th 416, 422–423 (*Le*).)

Voluntary manslaughter is defined as both a violent felony (§ 667.5, subd. (c)(1)) and a serious felony (§ 1192.7, subd. (c)(1)).

deny it for lack of jurisdiction."  The court further held that even if it reached the merits, appellant was not entitled to relief because he pleaded guilty in return for a specified sentence.

**Second Motion for Resentencing**

On or about February 26, 2017, appellant filed, in pro. per., another ex parte motion for the court to modify his sentence and argued the gang enhancement must be stricken because of the enactment of Proposition 57.

On March 20, 2017, the superior court denied appellant's motion.**5**

---

**5** Proposition 57 became effective on November 9, 2016, and applies retroactively "to all juveniles charged directly in adult court whose judgment was not final at the time it was enacted." (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 303–304 (*Lara*).)  After the enactment of Proposition 47, " ' "[c]ertain categories of minors … can still be tried in criminal court, but only after a juvenile court judge conducts a transfer hearing to consider various factors such as the minor's maturity, degree of criminal sophistication, prior delinquent history, and whether the minor can be rehabilitated." ' [Citation.]  For minors 16 or older, prosecutors can seek transfer to criminal court for any felony offense.  [Citation.]  For 14 and 15 year olds, prosecutors could seek transfer to criminal court only for specified serious or violent offenses.  [Citations.]" (*O.G. v. Superior Court* (2021) 11 Cal.5th 82, 88–89.)

Senate Bill 1391 was enacted in September 2018, became effective on January 1, 2019, and amended Proposition 57 "by eliminating the transfer of juveniles accused of committing crimes when they are 14 or 15 years old, unless they are first apprehended after the end of juvenile court jurisdiction.  [Citations.]  In this way, Senate Bill 1391 marked a return to the rule in place beginning in 1961 and for close to 34 years thereafter – 16 again became the minimum age for transferring a minor to criminal court. [Citations.]" (*O.G. v. Superior Court, supra*, 11 Cal.5th at p. 89.)  Senate Bill 1391 is retroactive to cases where the judgments were not final before the law went into effect. (*Lara, supra*, 4 Cal.5th at p. 304.)

Appellant was not entitled to relief under either Proposition 57 or Senate Bill 1391 because his 2003 convictions were final when both provisions became effective in, respectively, in 2016 and 2019.  In addition, the abstract of judgment states appellant, born in 1983, committed count 1, voluntary manslaughter, in 2002, and committed count 2, attempted murder, in 2003.  Appellant was, thus, at least 18 years old, and likely 19 and 20 years old, when he committed the two offenses and no longer a minor.  (*Lara, supra*, 4 Cal.5th at p. 305.)

**The Motion Challenged in the Instant Appeal**

On July 31, 2019, appellant filed in pro. per., another ex parte motion for resentencing, which is the subject of the instant appeal. Appellant stated the district attorney must recall his sentence, and the court must resentence him on the firearm and gang enhancements attached to count 1, voluntary manslaughter, based on the enactment of provisions of section 1170, subdivision (f), "SB 2942,"[6] and *People v. Le, supra,* 61 Cal.4th 416. Appellant argued the enhancements were improperly imposed as part of his sentence for count 1.

On August 13, 2019, the court filed an order denying appellant's request.

"This is not [appellant's] first attempt to extricate himself from the plea bargain by seeking a reduction in his sentence …. Here, [appellant] claims that the Court improperly imposed both the gun and gang enhancements for his conviction for voluntary manslaughter. [Appellant] claims that imposition of both enhancements is contrary to … section 1170.1, subdivision (f). [Appellant] further alleges he 'meets the 10 year requirement stipulated in SB. [*sic*] 2942 as it relates to the District Attorney.' [Appellant] offers no analysis on this point. It appears [appellant] is referencing Senate Bill 2942, enacted in 2018, and which amended provision of … section 1170, subdivision (d)(1) to permit the District Attorney to request a recall of a … felony sentence at any time. Contrary to what is apparently [appellant's] argument, that amendment, which took effect on January 1, 2019, did not confer on any defendant the ability to seek a recall of their sentence beyond the 120[-day] time limit in which the Court may, on its own motion, recall a sentence it has imposed. To the extent [appellant] is relying on … section 1170, subdivision (d)(1) in seeking a 'modification' of his sentence, the motion is denied, as this Court has no jurisdiction to recall the sentence. (*People v. Loper* (2015) 60 Cal.4th 1155, 1165, citing *People v. Roe* (1983) 148 Cal.App.3d 112, 118.)

"With respect to [appellant's] other claim, that imposition of both the gun and gang enhancements violated … section 1170.1, subdivision (f), it too is denied as [appellant] is mistaken about the law.

---

[6] Assembly Bill No. 2942 was effective January 1, 2019 (Stats. 2018, ch. 1001, § 1), and amended section 1170 to provide the court and/or district attorney may recall the matter for resentencing under certain circumstances, none of which apply in this case.

"In *People v. Rodriguez* (2009) 47 Cal.4th 501 (hereinafter *Rodriguez*), the California Supreme Court concluded that … section 1170.1, subdivision (f) precluded imposition of both a gun enhancement [citation] and a gang-enhancement [citation], where the underlying felony became a violent felony due solely to the use of the firearm. (*Rodriguez, supra*, 47 Cal.4th 501, 509.) In *People v. Le*[, *supra*,] 61 Cal.4th 416, the California Supreme Court extended its holding in *Rodriguez* to imposition of a gun and gang enhancement for serious felonies, where the underlying felony became serious solely due to the use of the firearm. (*People v. Le, supra*, 61 Cal.4th [at p.] 425.)

"Here [appellant's] voluntary manslaughter conviction was, and is, a violent felony, irrespective of his use of a firearm. [Citation.] Consequently, … section 1170.1, subdivision (f) did not, and does not, preclude imposition of both the gun [citation] and gang [citation] enhancements. (*People v. Vega* (2013) 214 Cal.App.4th 1387, 1395.)

"[Appellant] persists in his efforts to trifle with the Courts in the hopes he can better his bargain with the People, and escape punishment for his offenses. (*People v. Hester* (2000) 22 Cal.4th 290, 295.)"

On October 18, 2019, appellant filed a notice of appeal from the court's order that denied his most recent motion for modification of his sentence.

## DISCUSSION

As noted above, appellant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on February 28, 2020, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.[7]

---

[7] The superior court correctly summarized the holdings in *Rodriguez* and *Le* and denied relief. *Rodriguez* "held that a defendant's single act of personally using a gun during the commission of a felony could not be used to support both a sentence enhancement for personal use of a firearm under … section 12022.5, former subdivision (a)(1), and to elevate the punishment for a criminal street gang allegation to a 'violent felony' under section 186.22, subdivision (b)(1)(C). We explained that the application of both enhancements in that case depended on the defendant's use of a firearm, and that subdivision (f) of section 1170.1 prohibits imposing two sentence

## DISPOSITION

The court's order of August 13, 2019, denying appellant's motion for resentencing, is affirmed.

---

enhancements when both enhancements are ' "for being armed with or using a dangerous or deadly weapon or a firearm in the commission of a single offense" ' [Citation.]" (*People v. Le, supra*, 61 Cal.4th at p. 419.)

*Le* reached the same conclusion where the defendant's use of a firearm was the sole reason to elevate the underlying offense to a serious felony under section 1192.7 and held the defendant's gang enhancement on the underlying offense, "regardless of whether it qualified as a serious or violent felony under subdivision (b)(1)(B) or (b)(1)(C), is an enhancement 'imposed for being armed with or using … a firearm.' (§ 1170.1, subd. (f).) Under section 1170.1, subdivision (f), the underlying felony … could not be enhanced for use of a firearm both under section 12022.5, subdivision (a), and section 186.22, subdivision (b)(1)." (*People v. Le, supra*, 61 Cal.4th at p. 425.)

As previously explained, appellant was convicted in count 1 of voluntary manslaughter, an offense expressly defined as both a violent felony (§ 667.5, subd. (c)(1)) and a serious felony (§ 1192.7, subd. (c)(1)), regardless of whether a firearm was used, and appellant was not entitled to resentencing under either *Rodriguez* or *Le*.