Filed 3/30/22  P. v. Lynch CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>DAVID RORY LYNCH,<br><br>        Defendant and Appellant. | B306158<br><br>(Los Angeles County<br>Super. Ct. No. TA008572) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ricardo R. Ocampo, Judge.  Affirmed.

Linda L. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, David E. Madeo and David D. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

## INTRODUCTION

Over three decades ago, when David Rory Lynch was a minor, he was convicted of murder. When he was resentenced under *Miller v. Alabama* (2012) 567 U.S. 460 (*Miller*), the trial court included two counts he had not been convicted of. But he never appealed. Years later, he moved for a juvenile transfer hearing under Proposition 57, the Public Safety and Rehabilitation Act of 2016 (Cal. Const., art. I, § 32). But he did not raise the issue of his unauthorized sentence, and the trial court denied his motion for lack of jurisdiction.

This case asks the question: If an unauthorized sentence is never challenged, is the judgment never final for purposes of relief under Proposition 57?

We hold the answer is: No. A judgment is final once the time for direct appellate review has elapsed irrespective of the sentence because a final judgment may include an unauthorized sentence until it is corrected.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Lynch of murder with special circumstance and other related crimes he committed when he was 16 years old. In 1991, the trial court sentenced him to life without parole.

In 1993, this court affirmed Lynch's judgment but modified his sentence.[1]

In March 2017, the trial court resentenced Lynch under *Miller, supra,* 567 U.S. 460. In total, the court imposed a sentence

---

[1]   The facts underlying the conviction and sentence are discussed in the nonpublished opinion *People v. Lynch* (Nov. 22, 1993, B066056). They are not at issue in this appeal.

of 46 years eight months to life in prison.  Although the sentence was unauthorized because the court sentenced him on two additional counts he had not been convicted of, he did not appeal.[2]

In January 2020,[3] Lynch filed a motion for a juvenile transfer hearing under Proposition 57.  He argued, among other things, that the juvenile court had authority under Senate Bill 620 (Sen. Bill No. 620 (2017-2018 Reg. Sess.), Stats. 2017, ch. 682) to strike his firearm enhancements.  But he did not argue his sentence was unauthorized.  In April 2020, the trial court denied his motion.  The court explained, "Proposition 57's application to juvenile's [*sic*] fitness transfers are not retroactive to cases already final," and "[h]is case has been final for many years."  The court did not reach Lynch's argument under Senate Bill 620.

In May 2020, Lynch appealed the denial of his motion.  This is the appeal before us.

While this appeal was pending, in October 2020, Lynch moved to correct the unauthorized sentence and again for a juvenile transfer hearing under Proposition 57.  In March 2021,

---

[2]     The People charged Lynch and his codefendant Ralph Decharles Hearn in an information.  Lynch was charged in count 1 (murder), count 2 (kidnapping for robbery), counts 4 and 6 (second degree robbery) and count 7 (attempted robbery), but not in counts 3 (attempted murder) and 5 (second degree robbery).  In 1991, the trial court sentenced Lynch on counts 1, 2, 6 and 7, with enhancements for personal use of a firearm on counts 1, 2 and 6, and stayed the sentence on count 4.  But in 2017, the trial court sentenced Lynch on all counts in the information, including counts 3 and 5.

[3]     Lynch dated his motion January 28, 2020, and it was postmarked January 31, 2020.  The clerk's transcript dates the motion February 13, 2020.

3

the trial court granted his motion to correct the unauthorized sentence and resentenced him on the proper counts to 38 years four months to life in prison.  The court denied Lynch's motion for a juvenile transfer hearing.  But he did not appeal.

## DISCUSSION

On appeal, Lynch argues that he is entitled to a juvenile transfer hearing under Proposition 57 because his judgment was not final when he made his motion in January 2020  and that if after the hearing, the juvenile court transfers him to the criminal court, then that court should exercise its discretion to strike his firearm enhancements under Senate Bill 620.

Because we conclude the trial court correctly ruled in April 2020 that Lynch was not entitled to a juvenile transfer hearing, we need not reach his argument that if he is transferred, the criminal court should strike his firearm enhancements.

A.     *Proposition 57 and Standard of Review*

"Proposition 57, passed in the November 2016 general election (Proposition 57)." (*O.G. v. Superior Court of Ventura County* (2021) 11 Cal.5th 82, 87 (*O.G.*).)[4]

Under Proposition 57, the People must prosecute a juvenile defendant in juvenile court unless the juvenile court conducts a

---

[4]     "As originally enacted, Proposition 57 allowed prosecutors to move to transfer some minors as young as 14 from juvenile court to adult criminal court.  Senate Bill No. 1391 (2017–2018 Reg. Sess.) (Senate Bill 1391), enacted in 2018, amended Proposition 57 to prohibit minors under the age of 16 from being transferred to adult criminal court." (*O.G., supra,* 11 Cal.5th at p. 87; see Welf. & Inst. Code, § 707, subd. (a)(1)–(2), as amended by Stats. 2018, ch. 1012, § 1.)

transfer hearing and determines the defendant should be tried as an adult in the criminal court: "Proposition 57 prohibits prosecutors from charging juveniles with crimes directly in adult court. Instead, they must commence the action in juvenile court. If the prosecution wishes to try the juvenile as an adult, the juvenile court must conduct what we will call a 'transfer hearing' to determine whether the matter should remain in juvenile court or be transferred to adult court. Only if the juvenile court transfers the matter to adult court can the juvenile be tried and sentenced as an adult." (*People v. Superior Court* (2018) 4 Cal.5th 299, 303 (*Lara*); see Welf. & Inst. Code, § 707, subd. (a).)

Proposition 57 is retroactive. A juvenile defendant is entitled to a transfer hearing if his sentence was not final before Proposition 57 became law. "Proposition 57 applies to all juveniles charged directly in adult court whose judgment was not final at the time it was enacted."[5] (*Lara, supra,* 4 Cal.5th at p. 304.) And "[i]n a criminal case, judgment is rendered when the trial court orally pronounces sentence." (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9.) Consequently, "in criminal actions, the terms

---

[5] In the absence of contrary legislative intent, if a defendant's judgment is not final when a statute is amended to lessen punishment for his crime, then the amended statute applies: "If the amendatory statute lessening punishment becomes effective prior to the date the judgment of conviction becomes final then, in our opinion, it, and not the old statute in effect when the prohibited act was committed, applies." (*In re Estrada* (1965) 63 Cal.2d 740, 744.) "Because Proposition 57's primary ameliorative effect is on a juvenile offender's sentence, independent of the convictions, we conclude it applies retroactively to appellant's nonfinal sentence and requires that he receive a transfer hearing." (*People v. Padilla* (2020) 50 Cal.App.5th 244, 255 *(Padilla)*.)

'judgment' and '"sentence"' are generally considered 'synonymous' [cite] and there is no 'judgment of conviction' without a sentence." (*People v. McKenzie* (2020) 9 Cal.5th 40, 46.)

We review the question of retroactivity de novo. (*In re David C.* (2020) 53 Cal.App.5th 514, 519.) "The determination of when a sentence becomes a final judgment . . . is a question of law that we review de novo." (*People v. Henderson* (2021) 67 Cal.App.5th 785, 787 (*Henderson*).)

B.  *Lynch's Judgment Was Final When He Moved for a Juvenile Transfer Hearing in January 2020*

The United States "Supreme Court has in substance defined finality as denoting that point at which the courts can no longer provide a remedy to a defendant on direct review." (*In re Spencer* (1965) 63 Cal.2d 400, 405.) Specifically, ""a judgment is 'not final so long as the courts may provide a remedy on direct review [including] the time within which to petition to the United States Supreme Court for writ of certiorari.""" *(Henderson, supra,* 67 Cal.App.5th at p. 787; accord, *People v. Buycks* (2018) 5 Cal.5th 857, 876, fn. 5 ["A judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari with the United States Supreme Court have expired."].)

Lynch's judgment had been final for a long time when he filed his motion in January 2020 because he never appealed his resentencing in 2017, and the time for direct review had expired. The normal deadline to appeal a felony sentence is 60 days after the judgment or sentencing order. (Cal. Rules of Court, rule 8.308(a).)

C.  *A Final Judgment May Include an Unauthorized Sentence*

Lynch argues his judgment was not final because his 2017 sentence was unauthorized. But his January 2020 motion did not

challenge the unauthorized sentence. And a judgment may be final irrespective of whether the underlying sentence is unauthorized if the sentence is not contested.[6]

A final judgment may include an unauthorized sentence until it is corrected.[7] An "unauthorized sentence [is an] exception to the general rule precluding relief after a judgment is final," because "an unauthorized sentence can be challenged and corrected at any time." (*In re Brown* (2020) 45 Cal.App.5th 699, 714-715.) Meaning, a judgment on an unauthorized sentence may be final until resentencing. When a defendant is resentenced, "the judgment is no longer final." (*People v. Montes* (2021) 70 Cal.App.5th 35, 47 (*Montes*).) Resentencing reopens the judgment by effectively vacating the earlier judgment. (See *id.* at p. 48 ["[R]esentencing pursuant to section 1170, subdivision (d),

---

[6] Lynch also argues the trial court's March 2021 resentencing order is void because the pending appeal divested the trial court of subject matter jurisdiction over matters affecting the appeal. But we need not reach that issue because that order is not the subject of this appeal. This appeal concerns only the April 2020 order denying his motion for a juvenile transfer hearing. In any case, "[a]lthough, as a general rule, 'an appeal from an order in a criminal case removes the subject matter of that order from the jurisdiction of the trial court' [citation] it is settled that an unauthorized sentence is subject to correction despite the circumstance that an appeal is pending." (*People v. Cunningham* (2001) 25 Cal.4th 926, 1044.)

[7] In our review of the statutory history of Proposition 57, we found nothing that distinguished judgments based on authorized sentences from judgments based on unauthorized sentences. In fact, we found no mention of the terms "judgment," "authorized sentence" or "unauthorized sentence."

7

effectively vacated the earlier judgment, it follows that Proposition 57 applies retroactively to defendant's nonfinal sentence and requires that he receive a transfer/fitness hearing."].)  The judgment is no longer final because the old sentence has been recalled and modified by a new sentence.  (See *People v. Hwang* (2021) 60 Cal.App.5th 358, 366; *People v. Lopez* (2020) 56 Cal.App.5th 835, 845-846 (*Lopez*) ["The original sentence can no longer be considered final for *Estrada* purposes when it has been recalled and modified by the new sentence."], review granted Jan. 27, 2021, S265936.)

*Lopez, supra,* 56 Cal.App.5th. 835, review granted, is illustrative.  The defendant was convicted of murder and related crimes he committed when he was 17 years old.  (*Id.* at p. 839.)  Ten years later, the trial court recalled his sentence and resentenced him to correct the original sentence in light of an intervening Supreme Court decision, *People v. Le* (2015) 61 Cal.4th 416.  (*Lopez,* at p. 839)  Before the resentencing, he moved for a juvenile transfer hearing under Proposition 57.  (*Ibid.*)  The court denied the motion, finding the defendant's judgment had been final before Proposition 57 became law.  (*Ibid.*)  The court of appeal conditionally reversed the judgment and remanded for a juvenile transfer hearing.  (*Id.* at p. 850.)  Although the defendant's judgment had been final, despite the unauthorized sentence, the court explained the resentencing reopened the judgment.  (*Id.* at p. 848.)  "Because a resentencing . . . replaces the original sentence, the original sentence is no longer operative, and the finality of the original sentence is no longer material.  The only sentence that matters after resentencing . . . is the new sentence, which is not final because a resentenced defendant can still obtain review from the California Supreme Court or the United States Supreme Court."  (*Id.* at p. 845.)  The court further explained,

8

"[R]esentencing need not make an entire judgment non-final, because the guilt portion of a judgment may be treated as final even if the penalty or sentence is later re-opened." (*Id*. at p. 848.)

Lynch's reliance on *People v. Esquivel* (2021) 11 Cal.5th 671 (*Esquivel*), *People v. Ramirez* (2021) 71 Cal.App.5th 970 (*Ramirez*) and *Montes, supra,* 70 Cal.App.5th 35, is misplaced.

*Esquivel, supra,* 11 Cal.5th 671, did not involve an unauthorized sentence. The defendant pled no contest to a felony and admitted two prior prison terms. (*Id*. at p. 673.) The trial court sentenced him to three years for the felony and one additional year for each prison prior. (*Ibid*.) The court suspended the execution of the sentence and placed the defendant on probation. (*Ibid*.) Years later, when the court found the defendant in violation of probation and ordered the prison sentence into effect, the defendant appealed. (*Ibid*.) While his appeal was pending, the Legislature amended the statute under which the trial court had imposed the enhancements for his prison priors. (*Ibid*.) If the statute had been amended before the defendant's sentencing, the court would not have been able to impose the enhancements. (*Ibid*.) The California Supreme Court concluded the defendant was entitled to the benefit of the amendment because his case was not yet final. Specifically, the Court held "a case in which a defendant is placed on probation with execution of an imposed state prison sentence suspended is not yet final for this purpose if the defendant may still timely obtain direct review of an order revoking probation and causing the state prison sentence to take effect." (*Id*. at p. 680.) Lynch was not on probation with a suspended prison sentence.

Likewise, *Ramirez, supra,* 71 Cal.App.5th 970, did not involve an unauthorized sentence but rather a final judgment that was reopened for resentencing when a conviction was vacated.

9

The defendant was convicted of first degree murder under a theory of felony murder, shooting at an occupied vehicle and two counts of attempted carjacking, which he committed when he was 15 years old. (*Id.* at pp. 975, 981.) The trial court sentenced him to 25 years to life for murder, 15 years to life for shooting at an occupied vehicle and two terms of 25 years to life for firearm enhancements. (*Id.* at p. 981.) The court stayed imposition of sentence on the remaining counts. (*Ibid.*) After his judgment was affirmed on appeal, the defendant petitioned for resentencing to vacate his murder conviction and moved for a juvenile transfer hearing under Proposition 57. (*Id.* at p. 982.) This court concluded the defendant was entitled to vacate his murder conviction and to a transfer hearing. (*Id.* at p. 975.) Lynch was not entitled to vacate a conviction. And although he was entitled to correct his sentence, he did not ask to do so when he moved for a transfer hearing in January 2020.

*Montes, supra,* 70 Cal.App.5th 35, also involved a final judgment that was reopened for resentencing. The defendant was convicted of murder with special circumstance when he was 17 years old and sentenced to life without the possibility of parole. (*Id.* at p. 38.) After his judgment was final, he petitioned to recall his sentence in light of *Miller, supra,* 567 U.S 460. (*Montes,* 70 Cal.App.5th at pp. 38-39.) The trial court recalled his sentence but resentenced him again to life without the possibility of parole. (*Id.* at p. 39.) When he appealed his new sentence, he argued, among other things, that the trial court should have sua sponte sent his case to the juvenile court for a transfer hearing under Proposition 57. (*Ibid.*) The court of appeal agreed, explaining, "[A] resentencing . . . results in a new sentence—the judgment is no longer final—which entitles the defendant to the ameliorative benefits of Proposition 57." (*Id.* at p. 47.) Although Lynch also

was resentenced under *Miller, supra,* 567 U.S. 460, he did not request a transfer hearing at his resentencing or on appeal. By the time he did ask for a transfer hearing in January 2020, his judgment was final.

In rejecting Lynch's arguments, we do not leave him without recourse. As we suggested at oral argument, he may file a petition for writ of habeas corpus for ineffective assistance of counsel, arguing his counsel should have requested a juvenile transfer hearing at his 2017 resentencing or appealed the denial of his motion for a transfer hearing at his 2021 resentencing. Because Proposition 57 would have applied retroactively each time his final judgment was reopened for resentencing, it may well be that such a petition will meet with success.[8] (See *Montes, supra,* 70 Cal.App.5th at p. 48; *Padilla, supra*, 50 Cal.App.5th at p. 255.)

---

[8] The People argue Proposition 57's retroactivity is limited to cases not yet final on a first appeal. But in *Ramirez, supra,* 71 Cal.App.5th at page 999, this court rejected the People's argument that retroactivity should not extend "'to reopened judgments.'" We explained, "Almost all Courts of Appeal that have considered whether Proposition 57 applies retroactively when a criminal court resentences a defendant as to all or part of a previously final sentence imposed on a defendant who was a juvenile at the time of his or her offense have required the criminal court to transfer the case to the juvenile court for a juvenile transfer hearing or a juvenile adjudication." (*Id.* at p. 996.) "[R]etroactive application of Proposition 57 . . . to a defendant's postjudgment resentencing furthers the proposition's . . . legitimate goal of reducing the adult prison population." (*Id.* at p. 999.) And "retroactive application of Proposition 57 [to a] resentencing is consistent with the full resentencing rule, under which 'when part of a sentence is stricken on review, on remand for resentencing "a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances."'" (*Ibid.*)

11

## DISPOSITION

The order denying the motion for a juvenile transfer hearing is affirmed.


IBARRA, J.*


We concur:


PERLUSS, P. J.


SEGAL, J.

---

\*      Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.