Filed 2/13/24  P. v. Hines CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DEJUAN HINES,<br><br>    Defendant and Appellant. | B328844<br><br>(Los Angeles County<br>Super. Ct. No. TA078425) |

THE COURT:

Defendant and appellant Dejuan Hines appeals from the trial court order denying his petition to vacate the illegal and/or unauthorized sentence enhancements and for a resentencing hearing.  Defendant's appointed counsel found no arguable issues and filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216.  Thereafter, defendant filed a supplemental brief.

"As we must, we first consider whether we have jurisdiction to decide this appeal.  [Citation.]  We conclude that we do not." (*People v. King* (2022) 77 Cal.App.5th 629, 634.)

Defendant was convicted in 2006; two years later, we affirmed his conviction and sentence on direct appeal. (*People v. Hines* (Feb. 20, 2008, B192978) [nonpub. opn.].) "The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' [Citations.] And, '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.' [Citations.]" (*People v. King*, *supra*, 77 Cal.App.5th at p. 634; see also *id.* at pp. 636–637 ["Courts have long recognized the general common law rule that 'a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced. [Citations.] Where the trial court relinquishes custody of a defendant, it also loses jurisdiction over that defendant.' [Citations.]"].)

While there are exceptions to this rule (see *People v. King*, *supra*, 77 Cal.App.5th at p. 637), none appears applicable here, and defendant does not argue otherwise in his supplemental brief. *People v. Le* (2015) 61 Cal.4th 416, upon which defendant heavily relies, is distinguishable for the simple reason that *Le* involved a direct appeal from the judgment. (*Id.* at pp. 420–422.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____
LUI, P. J.          ASHMANN-GERST, J.          CHAVEZ, J.

2