Filed 6/10/22  P. v. Ariaz CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID ARIAZ,<br><br>    Defendant and Appellant. | B313984<br><br>(Los Angeles County<br>Super. Ct. No. BA367914) |

APPEAL from an order of the Superior Court of Los Angeles County, Craig Richman, Judge.  Reversed and remanded with directions.

Larenda R. Delaini, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Eric J. Kohn, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

David Ariaz appeals from the superior court's order summarily rejecting the recommendation of the Secretary of the Department of Corrections and Rehabilitation (Secretary) under former Penal Code section 1170, subdivision (d)(1),[1] that the court recall Ariaz's 26-year sentence based on a change in the law and resentence him with respect to his convictions arising from a 2010 gang shooting and attempted vehicle burglary. On June 2, 2021 the superior court read and considered the Secretary's recommendation but summarily rejected it without appointing counsel for Ariaz. Effective January 1, 2022 Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1-7) (Assembly Bill 1540) amended the recall provision in section 1170, subdivision (d)(1), and moved it to new section 1170.03. Section 1170.03 requires the superior court, upon a recommendation for recall and resentencing by the Secretary or specified entities, to provide notice of the recommendation, appoint counsel for the defendant, hold a hearing, and state on the record the reasons for its decision to grant or deny recall and resentencing. (§ 1170.03, subds. (a)(1), (6), (8) & (b)(1).) In addition, the statute establishes a presumption in favor of recall and resentencing of the defendant. (*Id*., subd. (b)(2).)

Ariaz contends, the People concede, and we agree Assembly Bill 1540 should be applied to the Secretary's recommendation to recall and resentence Ariaz. We reverse the superior court's order rejecting the Secretary's recommendation and remand for the superior court to appoint counsel for Ariaz, set a hearing on

---

[1]     Further statutory references are to the Penal Code.

the Secretary's recommendation, and consider the recommendation in light of section 1170.03.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Plea and Sentencing*

This case arises from a 2010 shooting and attempted vehicle burglary involving Ariaz, Jose Navarro, and Freddie Sanchez.  A jury found Navarro and Sanchez guilty of attempted burglary, shooting at an occupied vehicle, and assault with a semiautomatic firearm, and found true multiple gang enhancement allegations.  We affirmed the convictions but reversed the judgment as to Navarro based on sentencing errors. (*People v. Sanchez* (Sept. 3, 2014, B246346) [nonpub. opn.].)

On March 9, 2012 Ariaz pleaded no contest to two counts of assault with a semiautomatic firearm (§ 245, subd. (b); counts 3 and 4), and as to count 3, he admitted the allegations he personally used a firearm (§ 12022.5, subd. (a)) and committed the offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(B)).  The trial court sentenced Ariaz to an aggregate term of 26 years in state prison.  On count 3, the court imposed the upper term of nine years for assault with a semiautomatic firearm, plus the upper term of 10 years for the firearm enhancement and five years for the gang enhancement.  The court imposed a consecutive term of two years on count 4 (one-third the middle term of six years).  The court dismissed the remaining counts and enhancement allegations.

3

B.   *The Secretary's Recommendation for Recall and Resentencing and the Superior Court's Summary Denial*

On June 28, 2018 the Secretary sent a letter to the superior court recommending Ariaz's sentence be recalled and Ariaz be resentenced pursuant to former section 1170, subdivision (d)(1). The Secretary recommended the court consider Ariaz's sentence in light of *People v. Le* (2015) 61 Cal.4th 416, 425, decided after Ariaz's sentencing, in which the Supreme Court held a trial court cannot impose both a sentencing enhancement for personal use of a firearm under section 12022.5, subdivision (a)(1), and a gang enhancement for a serious felony under section 186.22, subdivision (b)(1)(B), when the offense qualifies as a serious felony solely because of the use of a firearm.

The Secretary concluded, "Based on the above facts and case law, it appears that inmate Ariaz's sentence warrants the attention of the court.  Pursuant to section 1170, subdivision (d), as the Secretary, I recommend the inmate's sentence be recalled and that he be resentenced in accordance with the cited authority."

On June 2, 2021 the superior court summarily rejected the Secretary's recommendation without appointing counsel for Ariaz or holding a hearing, as shown by a handwritten note on the Secretary's letter stating the letter was "[r]ead" and "considered," and "[n]o action" was taken.  The court provided no explanation for the denial (or why the recommendation was rejected three years after the Secretary's letter was filed in the superior court).

Ariaz timely appealed.[2]

---

[2]   A superior court order declining to follow the Secretary's recommendation pursuant to section 1170, subdivision (d)(1), is

4

A.    *Recall and Resentencing Under Former Section 1170,*
      *Subdivision (d)(1), and Section 1170.03*

As we explained in *People v. McCallum* (2020)
55 Cal.App.5th 202, 210, former section 1170, subdivision (d)(1),
"'is an exception to the common law rule that the court loses
resentencing jurisdiction once execution of sentence has begun.'"
(Quoting *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455; accord,
*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040
(*McMurray*); *People v. Frazier* (2020) 55 Cal.App.5th 858, 866.)
Section 1170.03 provides a similar exception, authorizing the
Secretary "to recommend to the superior court that the court
recall a previously imposed sentence and resentence the
defendant." (*McMurray*, at p. 1040.)  Section 1170.03,
subdivision (a)(1), authorizes the superior court "upon the
recommendation of the [S]ecretary or the Board of Parole
Hearings in the case of a defendant incarcerated in state prison,
the county correctional administrator in the case of a defendant
incarcerated in county jail, the district attorney of the county in
which the defendant was sentenced, or the Attorney General if
the Department of Justice originally prosecuted the case, [to]
recall the sentence and commitment previously ordered and
resentence the defendant in the same manner as if they had not
previously been sentenced, whether or not the defendant is still

---

an appealable order.  (*People v. Frazier* (2020) 55 Cal.App.5th
858, 863, fn. 2; *People v. McCallum* (2020) 55 Cal.App.5th 202,
211, fn. 7.)

in custody, and provided the new sentence, if any, is no greater than the initial sentence."

Under section 1170.03, upon receiving a recommendation from the Secretary or other designated entity for recall and resentencing, the superior court "shall apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1170.03, subd. (a)(2).)  Further, section 1170.03, subdivision (a)(3), makes clear its provisions apply "regardless of whether the original sentence was imposed after a trial or plea agreement." In addition, like former section 1170, subdivision (d)(1), section 1170.03 provides guidelines for recall and resentencing, including the post-conviction factors a court may consider.  (See § 1170.03, subd. (a)(4).)

Significant for this appeal, section 1170.03, subdivision (b)(1), requires the superior court to provide notice to the defendant of the recommendation, set a status conference within 30 days after receipt of the recommendation, and appoint counsel to represent the defendant.  Further, the court must "state on the record the reasons for its decision to grant or deny recall and resentencing."  (§ 1170.03, subd. (a)(6).)  In addition, section 1170.03, subdivision (b)(2), provides "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18."[3]

---

[3]     Section 1170.18, subdivision (c), defines in the context of Proposition 47, the Safe Neighborhoods and Schools Act of 2014,

B.	*We Remand for the Superior Court To Reconsider the Secretary's Recommendation in Light of Section 1170.03*

Ariaz contends Assembly Bill 1540 applies retroactively to his appeal because it constitutes an ameliorative change to the law that became effective before his judgment became final. (See *In re Estrada* (1965) 63 Cal.2d 740, 744 (*Estrada*) [when the Legislature amends a statute to reduce the punishment for a criminal offense, the amended statute is presumed to apply to all defendants whose judgments were not yet final on the statute's operative date, unless the Legislature clearly states to the contrary].) The People argue *Estrada* does not apply because Ariaz appeals from an order rejecting a recommendation to reopen his final judgment, not from a judgment that is not yet final. However, the People agree with Ariaz that we should reverse and remand to the superior court for reconsideration of the Secretary's recommendation because even if we were to affirm the court's order, the Secretary would simply submit a new recommendation under section 1170.03. Thus, reversal at this stage furthers judicial efficiency.

We agree that reversal of the superior court's order summarily rejecting the Secretary's recommendation is appropriate and remand for the court to reconsider the recommendation in light of section 1170.03. In *McMurray, supra*, 76 Cal.App.5th at page 1040, our colleagues in the Third Appellate District reversed a similar rejection of a recommendation by the Secretary made under former

---

that an "'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony" enumerated in a specified list of serious or violent felonies commonly referred to as "super strikes."

section 1170, subdivision (d), reasoning the legislative history of Assembly Bill 1540 "indicates that the bill was, in part, intended to clarify the Legislature's intent regarding former section 1170(d)(1), which it had amended in 2018. Specifically, the Legislature sought through Assembly Bill 1540 to 'ensure due process and equitable application in these types of resentencing cases' and indicate that trial courts should accept the [Department of Corrections and Rehabilitation's] resentencing recommendations." (*McMurray*, at p. 1040.)

Although section 1170, subdivision (d)(1), does not provide all the procedural protections afforded by section 1170.03, including a right to counsel (see *People v. Frazier, supra*, 55 Cal.App.5th at p. 866), we agree with *McMurray, supra*, 76 Cal.App.5th at pages 1040 to 1041 that the Legislature has now made clear its intent to ensure a defendant be afforded procedural protections to address due process concerns and equitable application of sentencing laws upon a recommendation by the Secretary for recall and resentencing under section 1170, subdivision (d)(1). These protections are now specifically enumerated in section 1170.03. We reverse and remand to the superior court for reconsideration of the Secretary's recommendation pursuant to section 1170.03.[4]

## DISPOSITION

The superior court's order declining to follow the Secretary's recommendation for recall and resentencing is

---

[4] Like *McMurray, supra*, 76 Cal.App.5th at page 1042, we need not reach whether *Estrada, supra*, 63 Cal.2d 740 requires reversal.

reversed. The matter is remanded to the superior court for the court to reconsider the Secretary's recommendation and exercise its discretion under section 1170.03 whether to recall and resentence Ariaz. On remand, the court is to provide Ariaz with all procedural protections afforded under section 1170.03, including among others, appointment of counsel for Ariaz and a hearing on the Secretary's recommendation.


FEUER, J.

We concur:


PERLUSS, P. J.


WISE, J.*

---

* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.