Filed 2/11/25  P. v. Jones CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>GARRY LYNN JONES,<br><br>    Defendant and Appellant. | F087726<br><br>(Super. Ct. No. BF187720A)<br><br>**OPINION** |

-ooOoo-

### THE COURT\*

APPEAL from an order of the Superior Court of Kern County.  David Wolf, Judge.

Matthew A. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Peña, Acting P. J., Smith, J. and Fain, J.†

†        Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

# INTRODUCTION

Appellant and defendant Garry Lynn Jones (appellant) pleaded no contest to assault with a firearm with an enhancement for personal use of a firearm, and admitted he had a prior strike conviction. He was sentenced to the indicated second strike term of eight years.

In 2024, appellant filed a request for recall and resentencing pursuant to Assembly Bill No. 600 (2023–2024 Reg. Sess.) (Assembly Bill 600) and Penal Code[1] section 1172.1, and asserted he should be resentenced because there was no evidence he had the prior conviction, and he could not be sentenced for both count 2 and the personal use enhancement. The trial court found appellant's request lacked merit and denied his petition with prejudice.

On appeal, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436; *People v. Delgadillo* (2022) 14 Cal.5th 216.) Appellant did not file a letter brief. After review of the record, we affirm the order.

# PROCEDURAL BACKGROUND

On December 9, 2021, an information was filed in the Superior Court of Kern County in case No. BF187720A charging appellant with committing the following offenses on or about October 16, 2021: count 1, attempted murder of Chantelia Johnson (§§ 664/187, subd. (a)); counts 2 and 4, assault with a firearm on Johnson (§ 245, subd. (a)(2)); count 3, grossly negligent discharge of a firearm (§ 246.3, subd. (a)); count 5, felon in possession of firearm (§ 29800, subd. (a)(1)); and count 6, felon in possession of ammunition (§ 30305, subd. (a)).

---

[1] All further statutory citations are to the Penal Code.

2.

As to count 1, it was alleged that appellant intentionally and personally discharged a firearm (§ 12022.53, subd. (c)); and as to counts 2 and 4, he personally used a firearm in the commission of the offenses (§ 12022.5, subd. (a)).

It was also alleged appellant had a prior strike conviction (§§ 667, 1170.12) and a prior serious felony enhancement (§ 667, subd. (a)) based on his conviction for assault with a deadly weapon (§ 245, subd. (a)(2)) in Los Angeles County Superior Court case No. A887127, on or about December 22, 1987. Appellant pleaded not guilty and denied the special allegations.

## Plea and Sentence

On February 10, 2022, the trial court convened a change-of-plea hearing. The parties stated appellant would plead no contest to count 2, assault with a firearm, admit the personal use enhancement (§ 12022.5, subd. (a)) and the prior strike conviction, and the remaining charges and allegations would be dismissed, for an indicated second strike sentence of eight years.

Appellant signed a felony advisement of rights, waiver, and plea form and initialed each paragraph as to the terms and conditions of his plea, including that he was admitting a prior strike conviction based on violating section 245, subdivision (a)(2) in Los Angeles County Superior Court case No. A887127, on December 22, 1987.

At the plea hearing, the trial court reviewed the provisions of the plea form, asked appellant if he had sufficient time to go over the provisions with his attorney, understood the terms and conditions of his plea, and initialed each paragraph and signed the document. Appellant said yes. Thereafter, appellant pleaded no contest to count 2, and admitted the personal use enhancement.

The trial court addressed the prior strike conviction allegation, and asked appellant if he had a prior conviction in Los Angeles in 1987, and appellant said yes. The court further advised appellant that it was not going to dismiss the prior strike conviction, and appellant said he understood. In response to the court's further questions, appellant

3.

admitted that he had a prior conviction for assault with a deadly weapon (§ 245, subd. (a)(1)) on December 22, 1987, in Los Angeles County Superior Court case No. A887127.

On March 16, 2022, the trial court denied appellant's motion to withdraw his plea, and sentenced appellant to the stipulated second strike term of eight years, based on the lower term of two years doubled to four years for count 2, plus four years for the personal use enhancement.

**Section 1172.1 Request**

On February 8, 2024, appellant filed, in propria persona, a request for recall and resentencing in case No. BF187720A, pursuant to Assembly Bill 600 and section 1172.1, as effective on January 1, 2024. Appellant asserted the trial court had to dismiss the personal use enhancement and the prior strike conviction because of "legal impossibility."

Appellant asserted the prosecution failed to plead and prove the prior strike conviction, and there was no factual basis for his admission to the strike, because there was no record that he had a prior conviction in Kern County for assault with a deadly weapon. The record of the plea hearing showed "without doubt" that he "admitted to a prior conviction in Kern County he never suffered," and he was "never convicted or suffered a conviction in Kern County on December 22, 1987 for a violation of [s]ection 245[, subd.] (a)(1) …." Appellant could not "admit to a prior that does not exist" and it was "legally impossible" to impose the second strike sentence.

Appellant acknowledged that he admitted the prior strike conviction "at the direction of [c]ounsel" at his plea hearing, but argued his "acquiescence" to an improper prior conviction could not render it valid, and the trial court had to dismiss the strike and resentence him.

Appellant further argued the trial court had to dismiss the section 12022.5, subdivision (a) personal use enhancement because his use of the gun was also an element

4.

of count 2, assault with a firearm, and the gun use could not be used a second time to enhance his sentence.

**The Trial Court's Ruling**

On February 8, 2024, the trial court filed an order that summarily denied appellant's request with prejudice because he was ineligible for recall and resentencing. As to his allegation that the prior strike conviction did not exist, the court stated "that is what his rap sheet shows. If that conviction is not 'him' he needs to address that in Los Angeles Superior Court." The court stated it reviewed appellant's petition, the felony plea form, appellant's rap sheet, and the probation report, and his "petition appears to be meritless."

On March 8, 2024, appellant timely filed a notice of appeal.

## DISCUSSION

As noted above, appellate counsel filed a brief with this court pursuant to *Wende*. The brief also included counsel's declaration that appellant was advised he could file his own brief with this court. On October 25, 2024, this court advised appellant by letter that he could file a supplemental letter or brief raising any arguable issues. He has not done so.

As to his prior strike conviction, appellant insisted in his request for resentencing that he did not have a prior conviction for violating section 245, subdivision (a)(2) in Kern County. However, appellant twice admitted the specific allegation in the information that he had a prior conviction for assault with a firearm in Los Angeles County Superior Court case No. A887127, on or about December 22, 1987, by initialing and signing the change-of-plea form, and admitting this specific allegation at the plea hearing.

As for his claim about the alleged dual use of the firearm, "[g]enerally, a defendant is exempt from a section 12022.5 enhancement if the 'use of a firearm is an element of' the charged offense. (§ 12022.5, subd. (a).) But section 12022.5 contains an exception if

5.

a defendant commits a section 245 violation using a firearm. (§ 12022.5, subd. (d).)" (*People v. Le* (2015) 61 Cal.4th 416, 420, fn. 3.) While appellant's conviction in count 2 for assault with a firearm (§ 245, subd. (a)(2)) included the element of the use of a firearm, his crime is not exempt from enhancement under section 12022.5, subdivision (a). (*Le*, at p. 420, fn. 3.)

After independent review of the record, we find no reasonably arguable factual or legal issues exist.

## DISPOSITION

The trial court's order of February 8, 2024, is affirmed.