Filed 7/8/25  P. v. Vargas CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOEL VARGAS,<br><br>    Defendant and Appellant. | F087848<br><br>(Super. Ct. No. DF012197A)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Kern County.  David E. Wolf, Judge.

Lindsey M. Ball, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Darren K. Indermill and Kari Ricci Mueller, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

In 2016, a jury convicted defendant Joel Vargas of assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b); count 1), possession of a firearm by a felon

(§ 29800, subd. (a)(1); count 2), carrying a loaded firearm while an active participant in a criminal street gang (§ 25850, subd. (c)(3); count 3), and active participation in a criminal street gang (§ 186.22, subd. (a); count 4). (Undesignated statutory references are to the Penal Code.) The jury also found true a gang enhancement (§ 186.22, subd. (b)(1)) and an allegation defendant personally used a firearm during the commission of each count (§ 12022.5, subd. (a)). The court found true allegations defendant suffered a prior strike conviction, and allegations defendant had suffered two prison priors within the meaning of section 667.5, former subdivision (b). The court sentenced defendant on count 1 to 28 years in prison, including two years for the two prior prison terms. The court imposed and stayed sentences on the remaining counts. Our court later struck the section 667.5, former subdivision (b) enhancements on appeal following resentencing proceedings.

On March 19, 2024, defendant filed a request for resentencing pursuant to section 1172.75, which the court summarily denied. On appeal, he argues the court erred in summarily denying his request for resentencing because his judgment included a prison prior, even though the prison prior enhancements were stricken prior to the enactment of section 1172.75. He asserts, to the extent the statute renders him ineligible for relief, it violates equal protection because he is "similarly situated to individuals who are eligible for resentencing relief due to the fact that their enhancement has not yet been stricken, and there is no rational basis upon which to deprive him of the benefits of the statute."

For the reasons that follow, we dismiss the appeal.

## FACTUAL AND PROCEDURAL HISTORY

*Convictions and Original Sentence*

In 2016, a jury convicted defendant of assault with a semiautomatic firearm (§ 245, subd. (b); count 1), possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2), carrying a loaded firearm while an active participant in a criminal street gang (§ 25850, subd. (c)(3); count 3), and active participation in a criminal street gang (§ 186.22, subd. (a); count 4). The jury also found true a gang enhancement (§ 186.22,

2.

subd. (b)(1)) as to count 1 and that defendant personally used a firearm during the commission of that count (§ 12022.5, subd. (a)).  The court found true allegations defendant suffered a prior strike conviction,[1] a prior serious felony conviction (§ 667, subd. (a)), and allegations as to each count that defendant had suffered two prison priors within the meaning of section 667.5, former subdivision (b).  The court sentenced defendant on count 1 to 18 years in prison, plus four years for the gang enhancement (§ 186.22, subd. (b)(1)), four years for the firearm enhancement (§ 12022.5, subd. (a)), and two years for the two prior prison term enhancements (§ 667.5, former subd. (b)).  The court imposed and stayed sentences on the remaining counts pursuant to section 654.

Defendant appealed the judgment and our court concluded, and the parties agreed, the court erred in applying the prior prison term enhancements as to each count rather than to the aggregate sentence.  (See *People v. Vargas*, *supra*, F073682.)  Accordingly, our court ordered the court to strike the prior prison term enhancements as to counts 2, 3, and 4 and impose the two enhancements without reference to any particular count.  (See *ibid*.)  Our court also directed the court on remand to consider its newfound discretion to strike the section 12022.5, subdivision (a) firearm enhancement considering the passage of Senate Bill No. 620 (2017–2018 Reg. Sess.).  (*Vargas*, F073682.)

On August 15, 2018, the trial court received a letter from the Secretary of the Department of Corrections and Rehabilitation (sometimes CDCR) that provided "the court with authority to resentence [defendant] pursuant to Penal Code [former] section 1170, subdivision (d)."  The letter noted defendant was convicted of assault with a semiautomatic firearm (§ 245, subd. (b)), and two enhancements attached to that offense

---

[1]The court initially found true allegations defendant suffered *two* prior strike convictions, but it later determined one of these convictions did not qualify as a strike prior because defendant had pled guilty to assault by means of force likely to cause great bodily injury rather than assault with a deadly weapon.  Accordingly, the court vacated its true finding as to that strike prior allegation and granted the prosecutor's motion to strike the allegation. (See *People v. Vargas* (Apr. 27, 2018, F073682) [nonpub. opn.].)

were imposed: a section 12022.5 firearm enhancement and a gang enhancement (§ 186.22, subd. (b)(1)(B)). In recommending defendant's sentence be recalled and that he be resentenced, the Secretary asked the court to consider *People v. Le* (2015) 61 Cal.4th 416, which held "a trial court is precluded from imposing both an enhancement for personal use of a firearm under Section 12022.5(a)(1) and a serious felony gang enhancement under Section 186.22(b)(1)(B) when the offense qualifies as a serious felony solely because it involved firearm use."

On August 16, 2018, the court held further proceedings after receiving and considering the remittitur from our court. The court then proceeded with resentencing. The court stated, "The two one-year prior prison term enhancements imposed on Counts 1 and 4 are stricken. And the two enhancements are imposed without—well, they were imposed without any reference to a particular count. [¶] So those two prison priors have been stricken." The court declined to strike the firearm enhancement, reiterated its decision that "[t]he two prison priors … are stricken," and it otherwise imposed the same sentence for a total term of 26 years' imprisonment—the upper term of 18 years on count 1 enhanced by four years for the gang enhancement (§ 186.22, subd. (b)(1)(B)) and another four years for the section 12022.5 firearm enhancement. The court imposed and stayed sentences as to the remaining counts pursuant to section 654. Defendant again appealed from the judgment.

On September 26, 2018, the trial court held a status conference regarding the letter received from the CDCR. The court issued an order stating it was to prepare and mail a letter in response to CDCR's letter indicating the court's lack of inclination to take action.

In the second appeal, the parties argued and we agreed the trial court erred when it imposed both the four-year gang enhancement and the four-year firearm enhancement (§ 1170.1, subd. (f)), relying on *People v. Le*, *supra*, 61 Cal.4th 416 and *People v. Francis* (2017) 16 Cal.App.5th 876. (*People v. Vargas* (May 6, 2020, F077982) [nonpub.

4.

opn.].)  Our court concluded the trial court was required to impose the greater of the two enhancements, which was a 10-year sentence under section 186.22, subdivision (b)(1)(C). (*Vargas*, *supra*, F077982.)  The People also argued that, in our prior opinion, we imposed the two 1-year prior prison term enhancements on the aggregate sentence but, on remand, the trial court struck them in the absence of jurisdiction to do so.  Our court reasoned we did not need to reach this jurisdictional argument because the parties agreed the prior prison term enhancements had to be stricken under Senate Bill No. 136 (2019–2020 Reg. Sess.), which became effective January 1, 2020 (Stats. 2019, ch. 590, § 1.)  (*Vargas*, *supra*, F077982.)  We ordered the judgment on count 1 to be modified to reflect (1) imposition of the 10-year gang enhancement under section 186.22, subdivision (B)(1)(C), and (2) the firearm enhancement under section 12022.5, subdivision (a) is stayed under section 1170.1, subdivision (f).  We also ordered the judgment to be modified to reflect the prior prison term enhancements are stricken in light of the amendment to section 667.5, subdivision (b), under Senate Bill No. 136.  Except as modified, we affirmed the judgment.  (*Vargas*, *supra*, F077982.)

On January 12, 2021, the court held resentencing proceedings after receiving and considering our court's remittitur.  The court struck the section 12022.5, subdivision (a) firearm enhancement attached to count 1.  The court also struck the section 186.22, subdivision (b)(1)(B) enhancements attached to count 1 but replaced it with a violation of section 186.22, subdivision (b)(1)(C).  The court then resentenced defendant to a term of 10 years for the amended gang enhancement plus the upper term of 18 years for count 1 for a total term of 28 years.

On March 19, 2024, the court received defendant's petition for resentencing pursuant to sections 1170, 1171, and 1172.  Defendant noted the passage of Assembly Bills Nos. 1540 and 124 and Senate Bill No. 567. which "collectively amended, and added to the California Penal Code § 1170."  He also noted the passage of Senate Bill No. 483 and the fact that section 1171.1 was renumbered to section 1172.75.  He asserted

the court should recall and resentence him, appoint him counsel, and apply the changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing pursuant to section 1172.75. He asserted, if he is eligible, the court should apply Assembly Bill No. 333, Senate Bill No. 73, and Assembly Bill No. 567 at resentencing. The court summarily denied the petition the next day.

## DISCUSSION

Defendant argues the court erred in failing to recall his sentence and hold resentencing proceedings pursuant to section 1172.75. We conclude the court lacked jurisdiction pursuant to section 1172.75 to consider defendant's motion and, to the extent it had jurisdiction to recall and resentence defendant under section 1172.1, its order declining to act on its own motion is not appealable. Defendant alternatively asks us to construe his appeal as a petition for writ of habeas corpus. We decline to do so.

## I. Standard of Review

"The proper interpretation of a statute is a question of law we review de novo." (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) "The court's role in construing a statute is to 'ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citations.] In determining the Legislature's intent, a court looks first to the words of the statute. [Citation.] '[I]t is the language of the statute itself that has successfully braved the legislative gauntlet.' [Citation.]" (*People v. Snook* (1997) 16 Cal.4th 1210, 1215.) "'We must look to the statute's words and give them their usual and ordinary meaning.'" (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126.) "If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs." (*Snook*, at p. 1215.)

6.

## II.     Passage of Senate Bill No. 483 and Enactment of Section 1172.75

In October of 2021, the Governor signed Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483), effective on January 1, 2022, which added section 1171.1 to the Penal Code, subsequently renumbered as section 1172.75.  Section 1172.75 establishes a mechanism to provide certain affected defendants an avenue for relief from now invalid prison prior enhancements.

Section 1172.75, subdivision (a) declares:  "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense … is legally invalid."  Subdivision (b) directs the Secretary of the CDCR and the correctional administrator of each county to "identify those persons in their custody *currently serving a term for a judgment*" that includes a now legally invalid prior prison enhancement, and to provide the names of such persons, their dates of birth, and the relevant case numbers or docket numbers to the sentencing court that imposed the enhancement.  (§ 1172.75, subd. (b), italics added.)  After the court receives from the CDCR and the county correctional administrator the information included in subdivision (b) of section 1172.75, "the court shall review the judgment and verify that the *current judgment* includes a sentencing enhancement described in subdivision (a)."  (§ 1172.75, subd. (c), italics added; see Stats. 2021, ch. 728, § 1 ["it is the intent of the Legislature to retroactively apply … Senate Bill 136 (which amended section 667.5, subdivision (b)) … to all persons *currently serving a term of incarceration in jail or prison for these repealed sentence enhancements*" (italics added)].)  "If the court determines that the *current judgment* includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant."  (§ 1172.75, subd. (c), italics added.)

When resentencing a defendant under section 1172.75, the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to

7.

promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

### III.   This Appeal Arises From a Nonappealable Order

Defendant contends the court erred in denying him resentencing relief because section 1172.75 "requires trial courts to resentence defendants in all cases where the judgment includes the imposition of an invalid prison prior, irrespective of whether the punishment for the prison prior was later stricken prior to the enactment of section 1172.75." He argues "resentencing relief under section 1172.75 broadly applies to any 'judgment' that includes a prison prior," irrespective of whether the punishment for the prison prior was later stricken prior to the enactment of section 1172.75; so, he was entitled to resentencing under the provisions of section 1172.75. He also asserts, to the extent the statute renders him ineligible for relief, it violates equal protection because he is "similarly situated to individuals who are eligible for resentencing relief due to the fact that their enhancement has not yet been stricken, and there is no rational basis upon which to deprive him of the benefits of the statute." Defendant notes section 1172.75 requires the CDCR to have identified those persons in their custody currently serving a term for a judgment that includes a now invalid section 667.5, subdivision (b) prison prior by July 1, 2022, and that review and resentencing pursuant to that section be completed by December 31, 2023. (See § 1172.75, subds. (b) & (c).) He acknowledges he was not identified by the CDCR within that time frame but contends the case law suggesting a trial court lacks jurisdiction to hear a stand-alone motion for relief pursuant

8.

to section 1172.75 should not apply because the circumstances here are distinct. Alternatively, he asks us to construe his appeal as a petition for writ of habeas corpus. The People contend defendant is not eligible for relief under section 1172.75 because he is not "currently serving" a judgment with a now invalid prison prior, and such a conclusion does not violate equal protection principles. They also argue the appeal must be dismissed because defendant's invitation to the court to recall and resentence him does not affect his substantial rights.

### A. The Trial Court Lacked Jurisdiction to Recall and Resentence Defendant Pursuant to Section 1172.75

First, we conclude the court lacked authority to recall and resentence defendant pursuant to section 1172.75.

#### 1. *Applicable Law*

"In general, '"once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence."'" (*People v. Cota* (2023) 97 Cal.App.5th 319, 329; accord, *People v. King* (2022) 77 Cal.App.5th 629, 634; *People v. Howard* (1997) 16 Cal.4th 1081, 1089.) "And, '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.'" (*People v. King*, *supra*, at p. 634.)

Section 1172.75 provides a process for recall of certain sentences rendered invalid by Senate Bill 483 and for the resentencing of eligible individuals. (See *People v. Cota*, *supra*, 97 Cal.App.5th at p. 330.) "The resentencing process begins with corrections officials: 'The Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and shall provide the name of each person along with the person's date of birth and the relevant case number or docket number, to the sentencing court that

9.

imposed the enhancement.' (§ 1172.75, subd. (b).)" (*Id.* at p. 330.) Section 1172.75 requires such information to be provided to the sentencing court as follows: "(1) By March 1, 2022, for individuals who have served their base term and any other enhancements and are currently serving a sentence based on the enhancement. For purposes of this paragraph, all other enhancements shall be considered to have been served first. [¶] (2) By July 1, 2022, for all other individuals." (§ 1172.75, subd. (b)(1), (2).) "Receipt of information from corrections officials regarding a defendant's resentencing eligibility triggers review by the trial court: 'Upon receiving the information described in subdivision (b), the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant.' (§ 1172.75, subd. (c).)" (*People v. Cota*, *supra*, at p. 330.) The statute provides that "review and resentencing shall be completed as follows: [¶] (1) By October 1, 2022, for individuals who have served their base term and any other enhancement and are currently serving a sentence based on the enhancement. [¶] (2) By December 31, 2023, for all other individuals." (§ 1172.75, subd. (c)(1), (2).)

### 2. Analysis

Here, defendant does not argue the Department of Corrections and Rehabilitation identified him as an individual eligible for recall and resentencing pursuant to section 1172.75. Rather, he appears to concede he was not identified as an eligible individual, but nonetheless should be eligible for relief under the statute because "the prescribed deadlines under section 1172.75, subdivision (c) had passed at the time [he] filed his request for resentencing." He argues, "[o]utside of the prescribed deadlines, the language of section 1172.75 reasonably supports the conclusion that the trial court maintains ongoing jurisdiction to adjudicate the merits of individual claims of entitlement to

10.

resentencing under section 1172.75 and must continue to resentence eligible defendants upon being presented with that information."

But defendant cites no authority to support his argument "the language of section 1172.75" supports a conclusion "the trial court maintains ongoing jurisdiction to adjudicate the merits of individual claims of entitlement to resentencing under section 1172.75" outside of the prescribed deadlines provided for in the statute. And this is not what the statute says. Rather, the plain language of section 1172.75 is clear. As our court discussed in *People v. Cota*, *supra*, 97 Cal.App.5th 318, the statute provides that, when the Department of Corrections and Rehabilitation provides an identification to the trial court, it places the "matter within a statutorily authorized exception to the general rule that a trial court has no jurisdiction to modify a final judgment." (*Id*. at p. 332.) The recall and resentencing "process is triggered by the Department of Corrections and Rehabilitation identifying a defendant as a person serving a sentence that includes a prior prison term enhancement." (*Ibid*.) Said differently, the identification of the defendant as an individual potentially eligible for resentencing under section 1172.75 is a statutory prerequisite to the trial court's jurisdiction to consider recall and resentencing under the language of that statute. Without such an identification, the trial court lacks authority to recall and resentence the defendant under the plain language of section 1172.75. To the extent defendant invites us to interpret the language of section 1172.75 in such a way that it would validate his right to seek modification of the judgment through his own petition when the CDCR has not identified him as an eligible individual, we decline to do so. Rather, the plain language of the statute does not confer upon a defendant such a right and we cannot conclude the court had jurisdiction pursuant to section 1172.75 to entertain defendant's freestanding motion. (See *People v. King*, *supra*, 77 Cal.App.5th at p. 640 ["a defendant who wishes to challenge a sentence as unlawful after the defendant's conviction is final and after the defendant has begun serving the sentence must do more than simply file a motion in the trial court making an allegation that the sentence is

legally infirm"].) And we decline to read language into the statute that is not there. (See *People v. Guzman* (2005) 35 Cal.4th 577, 587 ["'insert[ing]' additional language into a statute 'violate[s] the cardinal rule of statutory construction that courts must not add provisions to statutes'"].)

Because the trial court lacked jurisdiction over defendant's stand-alone request for relief under section 1172.75, we cannot conclude its denial of such relief is appealable.

**B.       The Court's Order Is Also Not Appealable Pursuant to Section 1172.1**

On reply, defendant contends the order denying him resentencing relief is appealable under section 1172.1. Initially, "we do not consider arguments raised for the first time in a reply brief." (*People v. Mickel* (2016) 2 Cal.5th 181, 197.) Irrespective, defendant's contention fails on its merits.

Section 1172.1 (former § 1170, subd. (d)) provides an exception to the general rule that a trial court loses jurisdiction once execution of sentence has begun by authorizing a recall and resentencing procedure that may be invoked when, for example, the Secretary of the CDCR recommends resentencing. (§ 1172.1, subd. (a)(1); see *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.) Assembly Bill No. 600 (2023–2024 Reg. Sess.) amended section 1172.1 to allow a court to now resentence a defendant "on its own motion" when "applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1), as amended by Stats. 2023, ch. 446, § 2.) Accordingly, effective January 1, 2024, section 1172.1, subdivision (a)(1) provides the court may, "*on its own motion*, … *at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law*, … recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence." (Italics added.) And

12.

section 1172.1, subdivision (c) expressly states, "A defendant is not entitled to file a petition seeking relief from the court under this section." (*Ibid*.) Additionally: "If a defendant requests consideration for relief under this section, the court is not required to respond." (*Ibid.*)

Section 1172.1 does not address whether a trial court's denial of a defendant's request for recall and resentencing under the statute is appealable. Section 1237, subdivision (b) "provides that a defendant may appeal from 'any order made after judgment, affecting the substantial rights of the party.'" (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.)

But under the circumstances, we cannot conclude the court's order denying defendant's request for recall and resentencing proceedings affected defendant's substantial rights such that it constitutes an appealable order. Section 1172.1, subdivision (c) expressly provides that the trial court may choose not to respond to a defendant's invitation for the court to initiate recall and resentencing proceedings on its own motion pursuant to section 1172.1, subdivision (a) as amended by Assembly Bill No. 600. (§ 1172.1, subd. (c).) By stating a court may decline to respond to a defendant's request for relief under the statute, the language of section 1172.1, subdivision (c) establishes there is no affirmative obligation on a trial court to consider a defendant's request for relief or initiate recall and resentencing proceedings in response thereto. And, if a court has no duty to respond to—let alone grant—a defendant's request for relief, it follows that a defendant has no *right* to the initiation of recall and resentencing proceedings. Thus, where, as here, the court issues an order denying such relief, it cannot be said to affect the defendant's substantial rights as would be required for such a postjudgment order to be appealable. (§ 1237, subd. (b).) Consequently, we will order the appeal be dismissed.

While defendant urges us to construe his appeal as a petition for writ of habeas corpus, we decline to do so. If defendant wishes to pursue habeas corpus relief, he must

13.

do so in accordance with the procedures governing such petitions.  In this respect, appellate counsel's application to expand appointment to include filing a petition for writ of habeas corpus in this appeal, filed on April 16, 2025, is denied.

### DISPOSITION

The appeal is dismissed.

PEÑA, J.

WE CONCUR:

FRANSON, Acting P. J.

MEEHAN, J.

14.